Michael BRISCOE, Appellant,

v.

GOODMARK CORP., Richard C.
Poe, and Dick Poe Motors,
Inc., Appellees.

No. 08–01–00172–CV.

Court of Appeals of Texas,
El Paso.

April 18, 2002.

L. Randall Lee, Lee and Healy, L.L.P., El Paso, for appellant.

John P. Mobbs, El Paso, Andrew Don Mills, Albuquerque, NM, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

Michael Briscoe appeals from a judgment in favor of Goodmark Corporation, Richard C. Poe, and Dick Poe Motors, Inc. following a jury trial. We dismiss the appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL SUMMARY

Goodmark Corporation (Goodmark), Richard C. Poe (Poe) and Dick Poe Motors, Inc. d/b/a Dick Poe Chrysler–Plymouth, Inc. (Poe Motors) sued Michael Briscoe (Briscoe) to recover on promissory notes and to recover salary advances Briscoe had taken while employed with Poe Motors. Poe and Goodmark Corporation also sought a declaratory judgment and injunctive relief related to Briscoe's alleged unauthorized manipulation of the corporation. Briscoe counterclaimed against Poe and Poe Motors and filed a third-party petition against Arthur Richard Marston and Richard Poe, Jr. (Poe

Jr.). The claims alleged in these pleadings are:

- statutory and common law fraud (against Poe and Marston);
- tortious interference with business relations (against Poe, Poe Motors, Marston, and Poe Jr.);
- breach of fiduciary duties (against Poe, Marston, and Poe Jr.);
- breach of agreement (against Poe); and
- usury (against Poe, Poe Motors, and Marston).[1]

Goodmark, Poe, and Poe Motors filed a motion for traditional summary judgment on the promissory note claims against Briscoe, and a no-evidence motion for summary judgment with respect to Briscoe's counterclaims. Marston did not file a motion for summary judgment. Briscoe subsequently filed a pleading which disclaimed all interest in any of his claims—except usury—against the counter-defendants and third party defendants.[2] In other words, Briscoe retained only his usury counterclaim against Poe, Poe Motors, and Marston.

On March 27, 2000, the trial court granted summary judgment in favor of Goodmark, Poe, and Poe Motors on Briscoe's usury claim.[3] Goodmark and Poe abandoned their claims for declaratory judgment and injunctive relief.[4] The plaintiffs'

---

1. These claims are stated in Briscoe's Second Amended Original Counterclaim and First Amended Original Third Party Petition.

2. Briscoe assigned all of his claims except usury to Great Western Company in settlement of a separate lawsuit.

3. The order granting summary judgment provided:

> BE IT REMEMBERED that on this the 27 day of March, 2000 came on to be considered the Plaintiff's Motion for Summary

Judgment and the Court being of the opinion that same should be GRANTED on the issue of usury;

> It is therefore ORDERED, ADJUDGED and DECREED that the claims and defenses of usury pled by the Defendant are found to be without merit and Judgement [sic] is hereby rendered in favor of the Plaintiffs with regard to the defenses and counterclaims of Defendant on usury.

4. Goodmark and Poe did not request submission of any questions to the jury on their request for injunctive relief.

remaining claims on the promissory notes and salary advances were set for jury trial in June of 2000. It is clear that Briscoe intended to try his usury claim against Marston since his requested jury instructions included the usury claim. At a pretrial motions hearing the day before trial began, the trial judge offered to sever Briscoe's usury claim against Marston but the parties did not accept that offer. There is no severance order in the record. At various points during trial, Briscoe's counsel made ambiguous references to a ruling by the trial court that he would not be permitted to try his usury claim, but the record does not contain such a ruling. At any rate, Briscoe did not present any evidence pertaining to his usury claim against Marston and at the formal charge conference, he withdrew his request for a jury charge on the usury issue. The trial court granted a directed verdict in favor of Poe Motors on the salary advances claim and on June 23, 2000, the jury returned a verdict in favor of the plaintiffs on the promissory note claims. On July 14, 2000, the trial court entered a "Final Judgment" in favor of the plaintiffs in accordance with the verdict.

Briscoe timely filed a motion for new trial asserting, in part, that the court's "Final Judgment" is not final because it did not dispose of all of the parties and claims. In a written order denying the motion for new trial, the trial court found that: (1) Briscoe disclaimed all interest in any counterclaims except usury; (2) Briscoe alleged affirmative relief against Marston and Poe Jr. only as to usury in his fourth amended third party petition;[5] and (3) Briscoe, in his issues and instructions, requested no affirmative relief against Marston or Poe Jr., and asserted only

defenses to the plaintiffs' claims. Accordingly, the trial court found that the judgment was final because it disposed of all of the parties and claims.

On September 21, 2000, Briscoe timely filed a notice of appeal but noted therein that the judgment may not be final because it did not dispose of Goodmark's claims against Briscoe nor Briscoe's usury claim against Marston. On December 14, 2000, we received the clerk's record but notified the parties in writing that the final judgment dated July 14, 2000 did not dispose of all the parties and issues remaining to be decided at the time of trial. Our letter invited Briscoe to show grounds for continuing the appeal. Having received no response, we issued an opinion on January 19, 2001 dismissing the appeal for want of jurisdiction because the record did not contain a judgment which disposed of all the parties and issues. *Briscoe v. Goodmark Corporation, Richard C. Poe, Dick Poe Motors, Inc., and Arthur Richard Marston,* No. 08–00–00402–CV, 2001 WL 46916 (Tex.App.-El Paso January 19, 2001, no pet.)(not designated for publication). In the opinion, we expressly noted that we would "entertain any motions for rehearing." *Briscoe,* 2001 WL 46916 at *1. Briscoe did not file a motion for rehearing nor did he seek review of the dismissal with the Texas Supreme Court. Our judgment authorized the plaintiffs to enforce the trial court's judgment.

Following issuance of our opinion, the parties predictably disagreed with respect to the finality and enforceability of the trial court's July 14, 2000 judgment. Consequently, on February 19, 2001, Goodmark, Poe, and Poe Motors filed with the trial court a motion for interpretation of the judgment. Consistent with its prior

---

**5.** Briscoe's Fourth Amended Third Party Petition has not been included in the appellate

record.

determination, the trial court found in a written order dated March 23, 2001 that the prior judgment disposed of all issues and parties, and therefore, was final and enforceable. On April 18, 2001, Briscoe filed a notice of appeal from the March 23, 2001 order, the judgment dated July 14, 2000, and the partial summary judgment dated March 27, 2000. We declined to grant Appellees' motion to dismiss this appeal for want of jurisdiction but they have renewed the request in their brief.

## JURISDICTION

■ A civil appeal is perfected when the notice of appeal is filed. Tex.R.App.P. 26.1; see Restrepo v. First Nat'l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.-El Paso 1995, no writ)(applying former Tex.R.App.P. 40(a)(1)). When no motion for new trial or request for findings of fact or conclusions of law is filed, the notice of appeal must be filed within thirty days after the judgment is signed. Tex. R.App.P. 26.1; Restrepo, 892 S.W.2d at 238. If a motion for new trial is timely filed, as it was here, the notice of appeal is due to be filed within ninety days after the judgment is signed. Tex.R.App.P. 26.1. The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). Tex.R.App.P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.1997).

As a general rule, an appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.2001); North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.1966). Thus, orders incident to enforcement and execution of judgments are unappealable because they are not a final judgment. See Qualia v. Qualia, 37 S.W.3d 128, 129 (Tex.App.-San Antonio 2001, no pet.); Gonzales v. Daniel, 854 S.W.2d 253, 255–56 (Tex.App.-Corpus Christi 1993, no writ). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. Lehmann, 39 S.W.3d at 195; Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992).

The trial court's March 23, 2001 order provides as follows:

> On the date set out below, the Court considered Plaintiff's Motion for Interpretation of Judgment. After considering the record in this matter and the arguments and authorities presented, the Court finds that the judgment it signed on July 14, 2000 disposed of all parties and issues in this case, and is a final, enforceable judgment. It is therefore ORDERED that the prevailing parties are entitled to enforce the judgment.

This order does not purport to dispose of any parties or claims but simply reiterates the trial court's prior conclusion that the July 14, 2000 judgment was final because it disposed of all of the parties and claims before the court. It does no more than provide that the plaintiffs could enforce the prior judgment. Consequently, it is not a final, appealable order.

■ The only remaining question is whether the July 14, 2000 judgment is final. At the time of trial, the remaining issues involved the plaintiffs' claims related to the promissory notes and salary advances, and Briscoe's claims against Poe Jr. and Marston. The trial court directed a verdict in favor of Poe Motors on the salary advances claim and the jury resolved the issues related to the promissory notes in favor of Appellees. Even though the judgment does not expressly address Briscoe's claims against Poe Jr. and Marston, Briscoe did not request any affirma-

tive relief against either of these third-party defendants. Furthermore, there is a presumption that if a judgment is rendered after a conventional trial on the merits, it is presumed to dispose of all issues and parties, and it is a final judgment. *See Aldridge*, 400 S.W.2d at 897–98. This rule is known as the *Aldridge* presumption. *See John v. Marshall Health Services, Inc.*, 58 S.W.3d 738, 740 (Tex.2001). The *Aldridge* presumption applies only to a judgment, not intrinsically interlocutory in character, rendered following a conventional trial on the merits and where there is no order for a separate trial of issues having been entered pursuant to TEX.R.CIV.P. 174. *See Aldridge*, 400 S.W.2d at 897–98; *Villalba v. Fashing*, 951 S.W.2d 485, 488 (Tex.App.-El Paso 1997, orig. proceeding). It does not apply to a summary judgment or default judgment. *See Villalba*, 951 S.W.2d at 488. The record before us does not contain an order for a separate trial of issues and the judgment is not intrinsically interlocutory. Applying the *Aldridge* presumption to this case, we conclude that the judgment rendered on July 14, 2000 is final and appealable. *See John*, 58 S.W.3d at 740 (presumption that judgment rendered after trial on merits was final and appealable applied to judgment in physician's breach of contract action against hospital and other defendants, even though judgment did not mention three settling defendants, where physician did not move for separate trials, physician did not seek any relief against settling defendants at trial, and there was nothing to indicate that trial court did not intend judgment to finally dispose of entire case).

Briscoe timely filed his notice of appeal from that judgment but asserted, as he had in the trial court, that the judgment was not final. In the face of Briscoe's assertion regarding the lack of finality, and because the appellate record did not include Briscoe's latest amended counterclaim which dropped several causes of action asserted in his prior counterclaims, we questioned whether we had jurisdiction of the appeal because the judgment did not dispose of all parties and claims. Briscoe suggests that he should not now suffer dismissal of his current appeal since he timely perfected the original appeal and it was dismissed only as a result of our erroneous conclusion that the judgment was not final. While we sympathize with Briscoe's predicament, we are unable to judicially create jurisdiction where none exists. The fact remains that Briscoe did not bring forward a complete appellate record, he never responded to our written inquiry regarding the judgment's finality or our invitation to file a motion for rehearing, and he did not seek review in the Texas Supreme Court of the dismissal. Through this inaction, Briscoe has forfeited his right to review of the July 14, 2000 judgment. Accordingly, the appeal is dismissed for want of jurisdiction.