Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

MICHAEL BRISCOE,
)
 No. 08-01-00172-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 3

)


GOODMARK CORP., RICHARD C. POE,
)
 of El Paso County, Texas

and DICK POE MOTORS, INC.,
)


 )
 (TC# 94-13366)

 Appellees.
)



O P I N I O N



 Michael Briscoe appeals from a judgment in favor of Goodmark Corporation, Richard C.
Poe, and Dick Poe Motors, Inc. following a jury trial. On original submission, we dismissed the
appeal for want of jurisdiction, but the Supreme Court reversed and remanded for consideration on
the merits. See Briscoe v. Goodmark Corporation, Richard C. Poe, and Dick Poe Motors, Inc., 101
S.W.3d 112 (Tex.App.--El Paso 2002), reversed by 102 S.W.3d 714 (Tex. 2003). We affirm.

UNDERLYING FACTS


 Dick Poe is president and sole shareholder of Dick Poe Motors, Inc. (Poe Motors). In 1977,
Michael Briscoe began working for Poe Motors as a salesperson and he was eventually promoted
to sales manager and then general manager. In 1986, Poe Motors merged with Dick Poe Chrysler
Plymouth, Inc., a separate corporation. As a result of the merger, Poe Motors became authorized to
use the business name "Dick Poe Chrysler Plymouth, Inc." In 1988, Poe became interested in
purchasing a Honda franchise known as "El Paso Honda" franchise from Goodmark Corporation,
and he began negotiations with Bill Deffebach and Fred Schneider. Deffebach, who had formerly
served as Poe Motor's attorney, and Schneider, an El Paso automobile dealer, sold the dealership to
Poe for $500,000. Poe personally paid $125,000 down with the remaining $375,000 to be paid in
three equal installments. Poe, who retained 45 percent ownership, then offered stock in Goodmark
to Briscoe (43 percent), Dick Marston (10 percent), and Wiley James (2 percent). Briscoe, Marston,
and James each signed notes payable to Poe for their percentage share of the $125,000 payment
made by Poe. Briscoe signed a note payable to Poe for $53,750 (43 percent of $125,000). Although
Briscoe made interest payments of $10,750, he did not pay the note when it became due. (1)

 Goodmark, with Briscoe serving as president, did business as El Paso Honda. Poe Motors
loaned money to Goodmark to satisfy its capital requirements and to make the scheduled payments
to Deffebach and Schneider. All four Goodmark shareholders (Poe, Briscoe, Marston, and James)
signed notes payable to Poe Motors for their proportionate share of the advances. Briscoe signed
four notes payable to "Dick Poe Chrysler Plymouth, Inc." for the advances. Briscoe did not pay any
interest or principal on these notes.

 Poe Motors permitted its commission employees to borrow money against their unpaid
salaries. While general manager of Poe Motors and between August 26 and October 28, 1994,
Briscoe authorized eight salary advances to himself in the total amount of $40,000. He then resigned
as general manager and did not return to work after October 28, 1994. He did not resign from
Goodmark and therefore continued to maintain control over the corporate records, including all five
promissory notes. 

 Goodmark and Poe initially filed suit on December 12, 1994 to enjoin Briscoe from acting
on behalf of Goodmark and from destroying any original corporate records. The plaintiffs amended
their pleadings to add a cause of action by Poe seeking to recover on the unpaid promissory notes. 
Poe Motors later joined the suit as a plaintiff seeking to recover on the promissory notes payable to
it and to recover the salary advances taken by Briscoe while an employee of Poe Motors. Briscoe
filed several counterclaims, including usury. The trial court granted summary judgment on the usury
counterclaim and the remaining claims were submitted to a jury. The trial court directed a verdict
in favor of Poe Motors on the salary advances claim. (2) The only issues submitted to the jury related
to the promissory notes, affirmative defenses asserted by Briscoe (accord and satisfaction, waiver,
and novation), and attorney's fees. The jury, rejecting Briscoe's affirmative defenses, returned a
verdict in favor of Poe and Poe Motors on the promissory notes. The trial court entered judgment
based upon the jury's verdict. That judgment awarded to Poe the amount of the note payable to him
($53,750), pre-judgment interest ($62,084.93) less interest payments ($10,750), post-judgment
interest, attorney's fees ($15,762.73), and court costs. Poe Motors was awarded judgment in the
amount of the amount of the salary advances ($36,445) plus pre-judgment interest on those damages
($12,125.70), the notes payable to it ($322,500), pre-judgment interest ($330,422.59), post-judgment
interest, attorney's fees ($97,938.38), and court costs.

LOSS OF ORIGINAL PROMISSORY NOTES


 Briscoe's first seven points of error relate to the failure of Poe and Poe Motors to produce
the original promissory notes. In Points of Error One through Four, Briscoe contends that he is
entitled to rendition of judgment in his favor because Poe and Poe Motors are not the holders of the
original promissory note and neither of the appellees is a person entitled to enforce the promissory
notes under Section 3.309(a). (3) In essence, these points of error are challenges to the legal 
sufficiency of the evidence supporting the judgment. Briscoe urges in Point of Error Five that a take-nothing judgment should be rendered on Poe and Poe Motor's promissory note claims because they
failed to establish, as required by Section 3.309(b), that Briscoe would be adequately protected
against loss that might occur by reason of a claim by another person to enforce any of the
instruments. In Points of Error Six and Seven, Briscoe complains about the admission of copies of
the notes at trial.

Applicability of Section 3.309


 Briscoe relies exclusively on Section 3.309 of the Texas Business and Property Code as
authority for his arguments made in Points of Error One through Seven. This statute was adopted
in 1995 and became effective on January 1, 1996. Act of May 28, 1995, 74th Leg., R.S., ch. 921,
§§ 1, 10, 1995 Tex.Gen.Laws 4582, 4594, 4643. The Legislature specifically provided that the
former law would continue to govern suits that were commenced and rights that had accrued before
the statute's effective date. Id. at 4643. Poe's and Poe Motors' rights had accrued prior to January 1,
1996, as all of the promissory notes were due on December 30, 1993. Therefore, these causes of
action are governed by the former law which imposed different requirements than the cited version
of Section 3.309. Act of May 25, 1967, 60th Leg., R.S., ch. 785, § 1, 1967 Tex.Gen.Laws 2343,
2440 (former Section 3.804 of the Texas Business and Commerce Code). (4)

Legal and Factual Sufficiency


 In Points of Error One through Four, Briscoe asserts that the evidence does not support the
judgment because Poe and Poe Motors are not the holders of the original promissory notes and are
not entitled to enforce the note under Section 3.309. He seeks reversal and rendition of a take-nothing judgment or remand for a new trial. We interpret Briscoe's arguments as a challenge to the
legal and factual sufficiency of the evidence.

Standards of Review


 A "no evidence" or legal insufficiency point is a question of law which challenges the legal
sufficiency of the evidence to support a particular fact-finding. In the Interest of De La Pena, 999
S.W.2d 521, 532 (Tex.App.--El Paso 1999, no pet.). When reviewing the legal sufficiency of the
evidence, we consider only the evidence and inferences tending to support the challenged finding,
disregarding all contrary evidence and inferences. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex.
2001); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If any probative evidence supports the
finding, the jury's verdict must be upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430
(Tex. 1997).

 A factual sufficiency point requires examination of all of the evidence in determining
whether the finding in question is so against the great weight and preponderance of the evidence as
to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 664-65 (1951); Lindsey
v. Lindsey, 965 S.W.2d 589, 591 (Tex.App.--El Paso 1998, no pet.). We may not pass upon the
witnesses' credibility nor will we substitute our judgment for that of the jury, even if the evidence
would clearly support a different result; rather, if competent evidence of probative force supports the
challenged finding, we will sustain it. Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex.
1998); Gonzalez v. El Paso Hospital District, 940 S.W.2d 793, 796-97 (Tex.App.--El Paso 1997,
no pet.).

Section 3.804


 Prior to 1996, Section 3.804, which pertained to lost, destroyed, or stolen instruments,
provided as follows:

 The owner of an instrument which is lost, whether by destruction, theft or otherwise,
may maintain an action in his own name and recover from any party liable thereon
upon due proof of his ownership, the facts which prevent his production of the
instrument and its terms. The court may require security indemnifying the defendant
against loss by reason of further claims on the instrument.


Tex.Bus.&Comm.Code § 3.804 (repealed).

 Poe and Poe Motors established by legally and factually sufficient evidence that they are the
owners of the notes. Plaintiffs' Exhibit 1 is a copy of the promissory note in the amount of $53,750
executed on December 30, 1988 by Briscoe and made payable to Poe. This note became due on
December 30, 1993. Plaintiffs' Exhibits 2 and 3 are copies of promissory note in the amount of
$86,000 and $53,750, respectively, executed on January 4, 1990 by Briscoe and made payable to
Dick Poe Chrysler Plymouth, Inc. Both notes became due on December 30, 1993. Plaintiffs'
Exhibit 4 is a copy of the promissory note in the amount of $129,000 executed on February 15, 1990
by Briscoe and made payable to Dick Poe Chrysler Plymouth, Inc. This note was also due on
December 30, 1993. Finally, Plaintiffs' Exhibit 5 is a copy of the promissory note in the amount of
$53,750 executed on January 28, 1991 by Briscoe and made payable to Dick Poe Chrysler Plymouth,
Inc. Like the others, this note was due on December 30, 1993. At trial, an issue arose whether Poe
owned the notes payable to Dick Poe Chrysler Plymouth because in an earlier pleading, Poe had
claimed ownership of those notes and had sought to recover on them. Poe explained that he
considered himself the owner of the notes based upon his ownership of the corporation. He
expressly testified, however, that the notes were payable to Dick Poe Chrysler Plymouth, Inc., which
is an assumed name of Poe Motors, and that he never transferred any of the notes to a third party. 
Poe also explained that he was the owner of Plaintiffs' Exhibit 1, the note made payable to him
personally. Thus, the probative evidence established that Poe and Poe Motors owned the five
promissory notes. Further, the jury's implied finding that Poe and Poe Motors owned the five
promissory notes is not against the great weight and preponderance of the evidence.

 According to Poe, all five notes were maintained together with the corporate records of
Goodmark. Briscoe, the president of the corporation, exercised control over those corporate records. 
The original notes were misplaced and Poe did not know their location. Poe and Poe Motors proved
by more than a scintilla of evidence that the original notes were lost and the reason for their inability
to produce them. Further, the jury's implied findings in this regard are not contrary to the great
weight and preponderance of the evidence.

 Finally, Poe and Poe Motors offered into evidence copies of all five promissory notes and
all five exhibits were admitted into evidence as Plaintiffs' Exhibits 1 through 5. The exhibit volume
of the reporter's record contains these five exhibits. Additionally, Poe testified as to the terms of the
notes, including Plaintiffs' Exhibit 1. Where the original of an instrument sued upon cannot be
produced because it is lost, other evidence of its contents, including the plaintiff's oral testimony,
may be received. Hayes v. Bouligny, 420 S.W.2d 800, 801 (Tex.Civ.App.--Corpus Christi 1967, no
writ). Briscoe did not introduce any evidence controverting the evidence regarding the terms of the
notes. Consequently, the jury had before it probative evidence of the terms. Further, the jury's
implied finding is not contrary to the great weight and preponderance of the evidence. Briscoe's
claim that the evidence is legally and factually insufficient to support the judgment is without merit. 
Issues One through Four are overruled.

Security Indemnifying Defendant


 Pursuant to Section 3.804, the trial court may require the plaintiff to provide security
indemnifying the defendant against loss by reason of further claims on the instrument. While the
court has discretion to require security, it is not an element of the plaintiff's case. See
Tex.Bus.&Comm.Code § 3.804 comment (noting that the requirement of security is not an absolute
one and the matter is left to the discretion of the court). Therefore, Briscoe is not entitled to
rendition of judgment in his favor because the trial court did not require security. Furthermore, the
six-year statute of limitations (5) expired long before trial in this case. Because Briscoe was adequately
protected against loss resulting from another person's attempt to enforce the original instruments,
the trial court did not abuse its discretion in failing to require security. Issue Five is overruled.

Admission of Copies of Notes


 In Points of Error Six and Seven, Briscoe complains of the trial court's admission of copies
of the promissory notes and he seeks rendition of judgment in his favor. A point of error or issue
complaining of the admission of evidence is not a rendition point even if the trial court abused its
discretion by admitting copies of the notes into evidence. See generally Transport Insurance Co.
v. Faircloth, 898 S.W.2d 269, 275 (Tex. 1995). Further, Briscoe cites no authority other than
Section 3.309 which, as we have already determined, does not govern this case.

 We review the trial court's decision to admit evidence under an abuse of discretion standard. 
Wyler Industrial Works, Inc. v. Garcia, 999 S.W.2d 494, 511 (Tex.App.--El Paso 1999, no pet.). 
The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case
for the trial court's actions. Id. at 500. Rather, it is a question whether the court acted without
reference to any guiding rules and principles. Id.

 Briscoe first argues that error occurred because the originals of the promissory notes were
not admitted into evidence. He also contends that copies should not have been admitted because Poe
and Poe Motors did not comply with Section 3.309. As we have already held, that section does not
apply here. The applicable statute, Section 3.804, expressly permits recovery in cases where the
original note is lost or destroyed, and we have already determined that Poe and Poe Motors met the
requirements of Section 3.804. Therefore, the trial court did not abuse its discretion in admitting
copies rather than the originals.

 Briscoe next asserts that error occurred because Plaintiffs' Exhibit 1 was offered and
admitted in a hearing held outside of the jury's presence, but was not re-offered and admitted in the
jury's presence. He claims that this prevented him from making additional objections to the exhibit. 
While Briscoe made numerous objections to the exhibit outside of the jury's presence, he did not
bring this complaint to the trial court's attention even when the exhibit was discussed in the jury's
presence. Consequently, any error is waived. See Tex.R.App.P. 33.1(a). For all of these reasons,
Points of Error Six and Seven are overruled.

PRE-JUDGMENT INTEREST


 In Points of Error Eight through Eleven, Briscoe maintains that the calculation of pre-judgment interest is erroneous because it includes post-maturity interest at a rate of 10 percent rather
than the statutory rate of 6 percent. He further reasons that the amount of attorney's fees awarded
is also erroneous because that amount is based upon a percentage of unpaid principal and accrued
interest. Poe and Poe Motors respond that the promissory notes provided for post-maturity
interest at the rate of 10 percent annually, but even if they did not provide a post-maturity rate,
then the pre-maturity rate is implied as a matter of law.

 Each of the promissory notes contains an identical provision establishing the interest rate and
due date of the instrument. For example, Plaintiffs' Exhibit 1 states:

 For value received, I the undersigned, promise to pay to RICHARD C. POE, the sum
of FIFTY-THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100
DOLLARS ($53,750.00), with interest at the rate of TEN PERCENT (10%) per
annum, both principal and interest payable at 6501 Montana, El Paso, El Paso
County, Texas.


 This note is due and payable: Interest is due and payable annually, as it accrues, until
December 30, 1993, at which time the balance then due and owing, principal and
interest, shall be paid in full. 


Poe argues that the first paragraph pertains to the amount of principal and interest owed by Briscoe
while the second paragraph covers the due date of the obligation. According to Poe, the second
paragraph determines only the dates on which repayment of the obligation was due, not the amount
to be paid. We agree. In addition to setting forth the principal amount of the note, the first
paragraph provides that interest shall accrue at the rate of 10 percent per annum. The second
paragraph provides for annual payment of interest plus the due date of the note at which time all
principal and all accrued interest shall be paid in full. Reading these two paragraphs together, we
believe the parties intended to provide for the accrual of interest at the pre-maturity rate until the note
is paid in full.

 Even assuming Briscoe is correct that the note does not provide a post-maturity interest rate,
the trial court correctly assessed post-maturity interest at the pre-maturity rate. Briscoe cites three
cases in support of his argument that the statutory rate of 6 percent should be applied here: Wall v.
East Texas Teachers Credit Union, 533 S.W.2d 918 (Tex. 1976); General American Life Insurance
Co. v. Hamor, 95 S.W.2d 975 (Tex.Civ.App.--Amarillo 1936, writ ref'd); and Deming Inv. Co. v.
Clark, 89 S.W.2d 853 (Tex.Civ.App.--Waco 1935, no writ). In each of these cases, however, the
statutory rate of 6 percent was applied because the pre-maturity rate was found to be usurious. In
the instant case, the pre-maturity rate is not usurious and the cases are distinguishable. When a note
specifies a rate of interest before maturity, but is silent about any rate after maturity, the pre-maturity
rate is implied as the post-maturity rate as a matter of law. Petroscience Corporation v. Diamond
Geophysical, Inc., 684 S.W.2d 668, 668-69 (Tex. 1984). This has long been the rule in Texas and
the statutory pre-judgment interest scheme does not alter this rule. Id. Accordingly, Points of Error
Eight through Eleven are overruled.

USURY


 In Point of Error Twelve, Briscoe challenges the granting of summary judgment in favor of
Poe and Poe Motors on his usury counterclaims. Briscoe alleged in his counterclaim that Poe and
Poe Motors violated the usury statutes by seeking post-maturity interest at a rate of ten percent. Poe
and Poe Motors moved for a no-evidence summary judgment on Briscoe's usury counterclaims
because the notes permitted post-maturity interest at a rate of ten percent. Poe and Poe Motors
attached the notes to their motion for summary judgment. The trial court granted the motion.

 A no-evidence summary judgment under Tex.R.Civ.P. 166a(i) is essentially a pretrial
directed verdict, and a reviewing court applies the same legal sufficiency standard. Wyatt v.
Longoria, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.). The party moving for summary
judgment on this basis must specifically state the elements as to which there is no evidence.
Tex.R.Civ.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact
issue on the challenged elements. Id. When reviewing a no-evidence summary judgment, the
reviewing court views the evidence in the light most favorable to the non-movant disregarding all
contrary evidence and inferences. Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the respondent counters
with more than a scintilla of probative evidence to raise a genuine issue of material fact. See
Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex.App.--Houston [14th Dist.] 1999, no pet.);
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Less than a
scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere
surmise or suspicion . . . ." Id., quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).
More than a scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions." Id. at 71, quoting Havner, 953
S.W.2d at 711.

 We have already determined that the notes permit post-maturity interest at ten percent, and
alternatively, that the pre-maturity rate of ten percent is implied as a matter of law. See Petroscience
Corp., 684 S.W.2d at 668-69; Morgan v. Amarillo National Bank, 699 S.W.2d 930, 934 (Tex.App.--Amarillo 1985, writ ref'd n.r.e.). Consequently, the trial court did not err in granting the no-evidence
summary judgment. Point of Error Twelve is overruled.

 In Point of Error Thirteen, Briscoe contends that the trial court erred by not permitting him
to try his usury third-party claims against Marston. Briscoe did not present any evidence at trial in
support of his usury claim against Marston and there is no ruling by the trial court either excluding
that evidence or otherwise holding that Briscoe could not pursue his claim against Marston. A party
who fails to present evidence in support of a cause of action waives that cause of action. Giles v.
Cardenas, 697 S.W.2d 422, 424 (Tex.App.--San Antonio 1985, writ ref'd n.r.e.). Although Briscoe
initially requested submission of an issue related to his usury claim, he expressly withdrew that issue
at trial. A party who does not request submission of an issue to the jury on a claim on which he
bears the burden of proof waives that claim. Tex.R.Civ.P. 279; see Southwestern Bell Telephone
Co. v. DeLanney, 809 S.W.2d 493, 495 (Tex. 1991). Point of Error Thirteen is overruled.

MOTION FOR CONTINUANCE


 In his final point of error, Briscoe argues that the trial court abused its discretion by denying
his motion for continuance. Trial in this case was scheduled to begin on June 21, 2000. Six days
prior to trial, Briscoe filed a motion for continuance alleging that he was incapacitated due to
medical reasons and could not participate in trial. He attached a letter from Marino A. Rios, M.D.,
stating simply that Briscoe was "incapacitated until further notice from this office" and was not to
perform "any strenuous work" until released by Dr. Rios. Dr. Rios' letter also stated that Briscoe
was scheduled for surgery on July 14, 2000. The trial court conducted a hearing on the motion one
day before trial was scheduled to begin but Briscoe did not attend because he was reportedly at a
doctor's appointment. Briscoe did not present any evidence at the hearing and the trial court denied
the motion. On the day of trial, Briscoe filed a motion to reconsider supported by his own affidavit
and that of his attorney. Briscoe related in his affidavit that he had a sinus condition requiring
surgery and he was also under the care of a cardiologist. The trial court denied the motion to
reconsider.

 A continuance shall not be granted except for sufficient cause, supported by affidavit, or by
consent of the parties, or by operation of law. Tex.R. Civ. P. 251. Mere absence of a party does not
automatically entitle him to a continuance. Vickery v. Vickery, 999 S.W.2d 342, 363 (Tex. 1999);
Humphrey v. Ahlschlager, 778 S.W.2d 480, 483 (Tex.App.--Dallas 1989, no writ); Brown v. Brown,
599 S.W.2d 135, 137 (Tex.Civ.App.--Corpus Christi 1980, no writ). A motion for continuance
based on an absent party must contain some prognosis as to when or if the witness will ever be able
to testify. Humphrey, 778 S.W.2d at 483. A motion for continuance based on the absence of
testimony must be supported with an affidavit showing: (1) the substance of the testimony; (2) the
materiality of the testimony; and (3) the movant's due diligence to procure such testimony. See
Tex.R.Civ.P. 252. In reviewing the trial court's ruling, we keep in mind that the granting of a
continuance rests within the sound discretion of the trial court. See Humphrey, 778 S.W.2d at 482. 

We will not disturb the trial court's denial of a motion for continuance unless the trial court has
committed a clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).

 Briscoe's motion for continuance did not comply with the requirements of Rule 252. While
his motion to reconsider and attached affidavits went further towards satisfying Rule 252 than did
his original motion, he did not state when or if he would ever be available to testify. Further, he did
not specify the substance of his testimony except to state he would testify about discussions he had
with Poe about the transactions at issue in this case. Thus, it is impossible to determine whether his
testimony is material. Briscoe's affidavit and that of his attorney also fall short of establishing due
diligence. Consequently, the trial court did not abuse its discretion by denying Briscoe's motion for
continuance. See Humphrey, 778 S.W.2d at 483-84 (court properly overruled defendant's fourth
motion for continuance, despite letters from physicians who were of opinion that defendant's health
precluded him from participating in trial; there was no evidence to show that defendant's counsel
made any attempts to have defendant deposed in informal, nonstressful setting, and affidavit did not
set forth facts expected to be obtained from witness); Connor v. Wright, 737 S.W.2d 42, 44
(Tex.App.--San Antonio 1987, no writ)(no abuse of discretion in denying continuance sought for
medical reasons where there was no evidence when party would be able to testify and the affidavit
did not set forth the proposed testimony). Point of Error Fourteen is overruled. Having overruled
all fourteen points of error presented on appeal, we affirm the judgment of the trial court.



December 4, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.
1. The trial court offset the payments made by Briscoe against the unpaid amount of the note. 
2. Briscoe does not raise any issues pertaining to the directed verdict.
3. Tex.Bus.&Comm.Code Ann. § 3.309 (Vernon 2002).
4. Throughout the remainder of the opinion, we will refer to this repealed statute as Tex.Bus.&Comm.Code 
§ 3.804 (repealed) or simply as Section 3.804 unless noted otherwise.
5. See Tex.Bus.&Comm.Code Ann. § 3.118(a)(Vernon 2002).