Opinion issued January 06, 2005







 
 






 



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01265-CV




LPP MORTGAGE, LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD.,
A TEXAS LIMITED PARTNERSHIP, Appellant

V.

JERRY DUMAS AND PATRICIA DUMAS, Appellees




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2002-34529




MEMORANDUM OPINION

          This is a suit on a guaranty in connection with a promissory note. This appeal
arises from the trial court’s summary judgment in favor of appellees, Jerry and
Patricia Dumas, the guarantors. In three issues, appellant, LPP Mortgage, Ltd., f/k/a
Loan Participant Partners, a Texas Limited Liability Partnership, contends that the
trial court (1) abused its discretion in overruling appellant’s objections to the
evidence submitted, (2) erred in granting summary judgment based on the affirmative
defense of statute of limitations, and (3) erred in granting summary judgment based
on the affirmative defense of laches.
          We reverse and remand.
Background
          In the 1980s, appellees were officers of Dumas Holdings, Inc. (“Dumas
Holdings”), which owned Maddox Furniture Manufacturing Company (“Maddox”). 
          In November 1985, appellees executed a 90-day promissory note for $400,000
payable to Washington County State Bank. Appellees executed the note on behalf
of Maddox as well as individually.
          In February 1986, the note and lien were assigned to The Brenham Industrial
Foundation, Inc. (“Brenham”). Appellees, solely as officers of Dumas Holdings,
executed a new note (“Note”) with Brenham, in extension and renewal of the prior
note. The new Note was in the principal amount of $420,000 and provided for
monthly payments beginning May 1, 1986 and continuing until maturity on April 1, 
2001. In addition, appellees executed a Small Business Administration (“SBA”)
Guaranty (“Guaranty”) in which they personally guaranteed the Note. Brenham
assigned the Note to the SBA.
          There were no payment records in evidence, but it is alleged that, at some point
after 1987, appellees ceased paying on the Note. In September 2001, the SBA
assigned both notes to appellant. 
          On May 7, 2002, appellant sent appellees a letter demanding payment. On July
10, 2002, appellant filed suit against appellees, solely in their personal capacities, on
the Note and Guaranty to recover the principal plus accrued interest and charges in
the amount of $390,982.12, with interest accruing until judgment is entered.


 
          Appellant first moved for summary judgment, but apparently withdrew its
motion. Subsequently, appellees filed for and were granted summary judgment on
the basis of limitations and laches. 
 
Admissibility of Evidence Regarding Date of Accrual
          The statute of limitations is an affirmative defense. Tex. R. Civ. P. 94. Thus,
a party moving for summary judgment on limitations grounds must prove when the
cause of action accrued. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990). In its
first issue, appellant contends that the trial court abused its discretion in overruling
appellant’s objections to the summary judgment evidence regarding the date of the
accrual of appellant’s claim. Appellant contends that the evidence offered by
appellees was not competent summary judgment evidence. Hence, the analyses of the
limitations and laches issues that followed were improperly based upon that evidence.
A.      Standard of ReviewThe decision to admit or exclude evidence is committed to the discretion of the
trial court and is reviewed for an abuse of that discretion. Transcon. Gas Pipeline
Corp. v. Texaco, Inc., 35 S.W.3d 658, 670 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied). We consider whether the trial court acted in an arbitrary or unreasonable
manner “without reference to guiding rules and principles.” Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant must show the trial
court’s error and show that it probably caused rendition of an improper judgment. 
Tex. R. App. P. 44.1(a)(1). 
          Evidence offered in support of or in opposition to a summary judgment motion
must be in admissible form to constitute competent summary judgment evidence. See
Tex. R. Civ. P. 166a(f) (indicating that “[s]upporting and opposing affidavits shall
be made on personal knowledge, shall set forth such facts as would be admissible in
evidence, and shall show affirmatively that the affiant is competent to testify to the
matters therein”). There is no difference between the standards for evidence that
would be admissible in a summary judgment proceeding and those applicable at a
regular trial. United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). 
B.      Analysis
          A defendant moving for summary judgment on the basis of an affirmative
defense must conclusively prove all essential elements of that defense. Swilley v.
Hughes, 488 S.W.2d 64, 67 (Tex. 1972). Thus, appellees bear the burden of
conclusively establishing the date of accrual as an element of their defense. 
          Neither party was able to provide the trial court with written evidence of the
payment history of the Note or of the status of the alleged default. The only summary
judgment proof offered was the affidavit of Jerry Dumas, a party and an interested
witness. “In order for the testimony of an interested witness to establish a fact, as a
matter of law, it must be ‘clear, direct, and positive’ with ‘no circumstances in
evidence tending to discredit or impeach such testimony.’” Id. (citation omitted). 
          Specifically, appellant complains of the following paragraphs in the affidavit:
5.       “At the end of this period, by 1987 at the latest, it was my
understanding that all of these loans, including the one at issue in
this litigation, were satisfied.”
8.       “In 1987, I believed I had satisfied all of the outstanding debts,
including those at issue in this litigation . . . .”
9.       “I know for a fact that no payments were made on any of the
notes or lines of credit, including the ones at issue in this
litigation, incurred by Dumas Holdings after approximately
1987.” 
10.     “After 1987, I believed that my obligations on the note and
guaranty at issue in this litigation were completely satisfied. 
Accordingly, I have not maintained records and documents which
would have allowed me to establish satisfaction conclusively.”
12.     “Because of the passage of more than 15 years since I believed
these instruments were satisfied . . . .”
 
(Emphasis added.) Appellant argues that the words “understanding,” “believed,” and
“approximately” constitute conclusory and equivocal language that renders the
statements improper summary judgment evidence. Thus, asserts appellant, the trial
court’s refusal to strike the evidence upon appellant’s objections was improper and
caused the rendition of an improper judgment. 
          In order to constitute competent summary judgment evidence, the allegations
in an affidavit must be so direct and certain that perjury could be assigned. Brownlee
v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). “An interested witness’ affidavit
which recites that the affiant ‘estimates’ or ‘believes’ certain facts to be true will not
support summary judgment.” Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122
(Tex. 1996) (citation omitted). Appellees’ brief does not direct us to any case law,
and we find none, in support of their position that offering an approximate accrual
period is sufficient. 
          Where original records cannot be produced by either party because they are
lost, however, other evidence of their contents may be received, including testimony. 
See Briscoe v. Goodmark Corp., 130 S.W.3d 160, 166 (Tex. App.—El Paso 2003, no
pet.). Here, testimony concerning dates is all that may ever be available. But, in
order to support summary judgment, the burden is on the movant to conclusively
prove all elements of its cause of action. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d
217, 223 (Tex. 1999). Thus, a party moving for summary judgment on limitations
grounds must conclusively prove when the cause of action accrued. Holy Cross
Church of God in Christ v. Wolf, 44 S.W.3d 562, 566, 568 (Tex. 2001).
          We find that, because the conclusive establishment of an accrual date is an
essential element of appellees’ summary judgment burden and because appellees’
only evidence as to accrual date is inconclusive, the granting of summary judgment
based upon appellees’ evidence was improper. 
          We sustain appellant’s first issue.
 
 
Statute of Limitations DefenseIn its second issue, appellant contends that the trial court erred in granting
summary judgment because appellees cannot meet their burden of establishing that
appellant’s claim was filed beyond the applicable statute of limitations.
          As discussed above, appellees’ evidence did not prove as a matter of law when
appellant’s cause of action arose or that appellant’s claims were filed outside the
applicable limitations period. The trial court erred in granting summary judgment on
this ground.We sustain appellant’s second issue. Laches DefenseIn its third issue, appellant contends that the trial court erred in granting
summary judgment because appellees cannot meet their burden of establishing that
appellant’s claim was unreasonably delayed. 
          Laches is an equitable remedy that prevents the assertion of a claim due to the
lapse of time. Bluebonnet Savs. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.,
907 S.W.2d 904, 912 (Tex. App.—Houston [1st Dist.]1995, writ denied ). It requires 
(1) unreasonable delay in asserting a legal or equitable right and (2) a good faith
change of position to one’s detriment due to the delay. Rogers v. Ricane Enters., Inc.,
772 S.W.2d 76, 80 (Tex. 1989). 
          As noted above, appellees failed to present competent summary judgment
evidence establishing an accrual date on the Note and, thus, that demand on the Note
and Guaranty was unreasonably delayed. We conclude that summary judgment
cannot be affirmed on this theory.
          We sustain appellant’s third issue. 
Conclusion
          Having determined that the trial court erred in granting summary judgment
because appellees failed to conclusively establish an accrual date or that this action
was filed beyond the applicable statute of limitations, as a matter of law, we reverse
the trial court’s judgment and remand for further proceedings.






                                                         Laura Carter Higley 
                                                         Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.