NO.
12-07-00185-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: APOLONIA HERNANDEZ LUNA,

INDIVIDUALLY AND ON
BEHALF        §          ORIGINAL PROCEEDING

OF THE ESTATE OF 

ONESIMO HERNANDEZ LUNA,

RELATOR     §          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Apolonia
Hernandez Luna, individually and as the representative of the estate of Onesimo
Hernandez Luna, seeks mandamus relief from the respondent trial court’s denial
of her motion for continuance.[1] 
Luna also filed a motion for an emergency stay of all proceedings
pending our disposition of her petition. 
We overrule the motion for emergency stay and deny the petition for  writ of mandamus.

Background

            On August 19, 2005, Luna filed a
wrongful death action seeking damages resulting from the injury and death of
Onesimo Hernandez Luna.  The trial court
entered a scheduling order on March 24, 2006.  On October 10, 2006, the parties entered into
an agreed scheduling order, and the trial court set the case for trial
beginning on May 21, 2007.  Sometime
prior to October 23, 2006, Luna served Pilgrim’s Pride (Pilgrim’s) with Luna’s
first set of requests for production. 
Request for production number 2 sought “any and all contracts between
Defendant Pilgrim’s Pride and Defendant Thong Le.”  On October 23, 2006, Pilgrim’s served
objections and responses to Luna’s request number 2, among others, and produced
a copy of a document entitled “Pilgrim’s Pride Broiler Production Agreement.”  However, the document was effective as of
November 23, 2004, and the incident in question occurred approximately
four months earlier on July 20, 2004. 
Luna’s counsel pointed this out to Pilgrim’s counsel, who in turn
forwarded copies of two other contracts, dated July 31, 2001 and November 7,
2001, respectively.  However, Luna states
that Pilgrim’s counsel furnished “nothing to indicate that either of these two
(2) documents represented that contract at issue.”  

            On May 4,
2007, Luna filed a motion requesting that the trial be continued for sixty days
because she needed additional time to (1) ascertain whether a written contract
existed between Pilgrim’s and Le at the time of the incident giving rise to the
suit similar to the written contract dated November 23, 2004, (2) obtain
deposition testimony of members of Pilgrim’s management “to obtain precise
details concerning the nature, depth and breadth of the operational agreement
in effect at the time of this incident . . . between Defendants Thong Le and
Pilgrim’s Pride, which is one of the key arguments in this matter[,]” and to
(3) arrange for Luna to obtain a passport from the Mexican government and a
visa from the United States government to attend trial.  On May 15, 2007, the trial court conducted a
hearing on Luna’s motion for continuance and denied it.  Luna then filed this original proceeding and
a motion for emergency stay.

 

            Availability of Mandamus 

            Mandamus is “an
extraordinary remedy, available only in limited circumstances.”  Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992).  Mandamus will
issue to correct a clear abuse of discretion when there is no other adequate
remedy at law.  Id.  A trial court abuses its discretion if it
reaches a decision “so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.”  Id.
at 839 (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)).  The granting or
denial of a continuance rests within the sound discretion of the trial
court.  Gen. Motors Corp. v. Gayle,
951 S.W.2d 469, 476 (Tex. 1997).

            The denial
of a motion for continuance is an incidental trial ruling ordinarily not
reviewable by mandamus.  Id.
at 477.  An exception to this general
rule occurs when “special circumstances” are present.  Id.  “Special circumstances” are present when
other errors exist that are themselves properly reviewed on petition for writ
of mandamus.  Id.; In
re H & R Block, 159 S.W.3d 127, 132 (Tex. App.–Corpus Christi 2004,
orig. proceeding [mand. dismissed]). 
Luna alleged in her motion for continuance that the desired discovery is
“material to all the parties in this litigation.”  She argues in this proceeding that justice
requires the trial court to allow her additional time to conduct discovery so
that she may properly present her case.  See
Union Carbide Corp. v. Moye, 798 S.W.2d 792, 793 (Tex. 1990).  Thus, she implicitly argues that the trial
court’s denial of her motion for continuance has vitiated her ability to
present her case.  This complaint may be
addressed by mandamus.  See id.;
see also In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.
1998) (mandamus relief may be justified to correct discovery order when party’s
ability to present viable claim or defense is severely compromised or vitiated
by erroneous ruling to extent that it is effectively denied ability to develop
merits of its case).  Accordingly, we
address both complaints Luna raises in her petition.

 

Abuse of
Discretion

            A
continuance shall not be granted except for sufficient cause supported by
affidavit, or by consent of the parties, or by operation of law.  Tex.
R. Civ. P. 251.  As good cause for
the motion, Luna alleges that the requested continuance will provide time for
her to obtain a passport and visa  “so
that she will be able to appear in court and participate in the trial of her
own case.”  Mere absence of a party at
trial does not entitle her to a continuance. 
Vickery v. Vickery, 999 S.W.2d 342, 363 (Tex. 1999); Briscoe
v. Goodmark Corp., 130 S.W.3d 160, 169 (Tex. App.–El Paso 2003, no
pet.).  The moving party must also show
that her absence from trial will result in her prejudice.  See Erback v. McDonald, 170
S.W.2d 289, 292 (Tex. Civ. App.–Fort Worth 1943, writ ref’d w.o.m.).  Luna has made no showing of prejudice.  Moreover, Luna does not explain what efforts
she has made to obtain the required passport and visa during the seven months
that have passed since the trial court set the case for trial.  

            As to Luna’s
need for additional discovery, suit was filed on August 19, 2005.  The record furnished in this proceeding does
not include a copy of either scheduling order entered in the case.  We cannot determine from the record when Luna
began conducting discovery or whether Luna’s discovery efforts were timely in
light of the deadlines imposed by the scheduling orders.  Nor can we determine on what date Luna served
Pilgrim’s with her first request for production or whether Luna had conducted
other discovery before serving the request for production.  Although Luna alleges that she cannot
ascertain, without further discovery, whether either of the 2001 contracts were
in effect on the date of Onesimo Luna’s death, she does not explain the reasons
for her uncertainty, or what additional discovery she has conducted or
attempted to conduct in an effort to clarify the issue since receiving copies
of the 2001 contracts.  Consequently, the
record does not affirmatively show the diligence necessary for Luna to obtain a
continuance to conduct additional discovery. 
See State v. Wood Oil Distrib., 751 S.W.2d 863, 865 (Tex.
1988) (failure of a litigant to utilize the rules of civil procedure for
discovery purposes will not authorize granting of continuance).  

                                    

Conclusion

            Luna has
failed to show that the trial court abused its discretion by denying her motion
for continuance.  Therefore, we need not
address whether she has an adequate remedy by appeal.  The motion for emergency stay is overruled
and the petition for writ of mandamus is denied.

 

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

 

Opinion delivered May 17,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The
respondent is the Honorable G. Timothy Boswell, Judge of the 402nd Judicial
District Court, Wood County, Texas.  The
real parties in interest are Thong Le, Deere Company d/b/a John Deere Company,
and Pilgrim’s Pride.