In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00926-CV

____________


ROBERT AND MONA ELBERGER, Appellants


V.


DUB MILLER FORD AND DARYL WATERWALL, Appellees






On Appeal from the 268th District Court 

Fort Bend County, Texas

Trial Court Cause No. 02-CV-125729






MEMORANDUM OPINION

 After this case had been set on the dismissal docket and subsequently
retained, the trial court denied the motion for continuance that appellants, Robert
and Mona Elberger, filed because they were unavailable on the date of trial. In two
issues on appeal, appellant acontends that the court (1) gave inadequate notice of a
trial reset date and (2) abused its discretion in denying appellants' motion for
continuance. We affirm.

Factual Background


 Appellants filed their original petition against appellees, Ford Motor
Company, Inc., Dub Miller Ford, Inc., and Daryl Waterwall, on August 22, 2002
alleging that they suffered damages because of appellees' failure to repair their
vehicle. On September 9, 2002, appellees filed their answer and Rule 194 Request
for Disclosure, and appellants responded to the request for disclosure on October
11, 2002.

 After October 11, 2002, there was no action taken on the case until 2006. On
February 22, 2006, the trial court sent a letter to counsel notifying them that the
case had been set on the dismissal docket for May 31, 2006 unless a motion to
retain was filed by May 24, 2006. Appellants filed their motion to retain on May
31, 2006, stating that they were "ready to go to trial." Even though the motion to
retain was filed after the deadline set by the court, the court granted the motion on
June 15, 2006, and sent a letter to counsel initially setting trial on July 21, 2006 and
stating that there would "be no continuances or passes granted." The letter further
stated that a hearing could be passed by agreement of the attorneys. The letter also
stated that "failure to comply might result in [the] case being dismissed for want of
prosecution."

 Appellants claim in their motion for a new trial that they contacted the trial
court coordinator on July 20, the day before the trial was initially set, to determine
whether the case was going to be called to trial on Friday, July 21. Appellants'
counsel was involved in a trial in another district, and preferred that the case be
heard Monday, July 24. The trial court coordinator initially complied with
appellants' request and set the case to be called on July 24, but then called
appellants on July 21 to notify appellants that appellees had a conflict with July 24
and that trial was, at that point, set for Friday, July 28. The trial court also sent 
written notice on July 21 that the trial was set for July 28. Appellants had been
scheduled to fly to Atlanta that day to attend a family wedding. Appellants decided,
based on the trial court coordinator's recommendation, to file a motion for
continuance and have it heard on July 28. Appellants filed their motion for
continuance on July 26, 2006, stating that they would be "unavailable for trial
because of a pre-planned trip." They also attached an affidavit to the motion, which
contained a statement by appellants that said only, "I verify that the facts contained
in the attached Motion for Continuance are true and correct." 

 Appellants' counsel was present in court on July 28th. However, appellants
were not present. The court denied the motion for continuance. Appellants'
counsel did not proceed with the case because he did not have any witnesses, and
the court rendered a judgment in favor of appellees. 

 On August 8, 2006, appellants filed a motion for new trial. The motion asked
only that the court "reconsider its entry of default and grant this motion for new
trial." It did not allege lack of, or inadequate, notice of the trial setting.

Notice of Trial Date

 In this first issue, appellants argue that the notice assigning the case to trial
on July 28, 2006 was not reasonable under Rule of Civil Procedure 245, which
provides in part:

 The Court may set contested cases on written request of any party, or
on the court's own motion, with reasonable notice of not less than
forty-five days to the parties of a first setting for trial, or by agreement
of the parties; provided, however, that when a case previously has been
set for trial, the Court may reset said contested case to a later date on
any reasonable notice to the parties or by agreement of the parties. 


Tex. R. Civ. P. 245 (emphasis added).

 Appellants do not argue that they did not receive the 45 days' notice required
for an initial trial setting under rule 245. Nor do they argue that moving the case
from July 21, 2006 to July 24, 2006 was unreasonable. However, they do contend
that moving the case to July 28, 2006 was unreasonable because they had already
made travel plans on that date. We disagree.

 Rule 3.4.2 of the Local Rules for the District Courts of Fort Bend County
provides:

 Cases shall be set for trial for a date certain. If a case is not assigned to
trial by the Friday after the date it was set, the case will be reset.
Unless all parties agree otherwise, the original setting must comply
with all requisites of T.R.C.P. 245.


 By its very terms, rule 3.4.2 provides notice that any case set for trial in a
Fort Bend district court is subject to assignment for trial any day before the Friday
after the date it is originally set. In this case, trial was set for Friday, July 21, 2006
and notice was given in accordance with rule 245. At appellants' request, the trial
date was moved to Monday, July 24, 2006, and, at appellees' request, the trial date
was moved to Friday, July 28, 2006. The July 28, 2006 trial date was on the first
Friday after the initial setting--within the time period in which rule 3.4.2 provides
for assigning a case to trial. As such, appellants had reasonable notice of the July
28, 2006 trial setting.

 Accordingly, we overrule point of error one.

Motion for Continuance

 In their second issue, appellants argue that the trial court abused its discretion
in denying appellants' motion for continuance. The decision of the trial court in
denying a motion for continuance will not be disturbed unless there is a showing of
a clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986);
Retzlaff v. Texas Dep't of Criminal Justice, 135 S.W.3d 731, 745 (Tex.
App.--Houston [1st Dist.] 2003, no pet.). A trial court abuses its discretion when it
acts without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Barkhausen v. Craycom,
Inc., 178 S.W.3d 413 (Tex. App.--Houston [1st Dist.] 2005, pet. denied).

 Under Rule of Civil Procedure 251, a continuance will not be granted unless
there is sufficient cause, supported by affidavit, or by consent of the parties, or by
operation of law. Tex. R. Civ. P. 251; Briscoe v. Goodmark Corp., 130 S.W.3d
160, 169 (Tex. App.--El Paso 2003, no pet.). The mere absence of a party does not
entitle him to a continuance. Vickery v. Vickery, 999 S.W.2d 342, 363 (Tex. 1999);
Briscoe, 130 S.W.3d at 169. The motion for continuance based on absence of
testimony must be supported with an affidavit showing: (1) the substance of the
testimony, (2) the materiality of the testimony, and (3) the movant's due diligence
to procure such testimony. See Tex. R. Civ. P. 252; Briscoe, 130 S.W.3d at 169;
Richards v. Schion, 969 S.W.2d 131, 133 (Tex. App.--Houston [1st Dist.] 1998, no
pet.).

 Appellants' motion for continuance did not comply with the requirements of
rule 252. Appellants argued that they would be "unavailable for trial because of a
pre-planned trip," that this trip was planned "with much time in advance," and that
they had "already made their travel arrangements and purchased their tickets."
However, the motion did not include any information regarding the substance and
materiality of their planned testimony. 

 On the record before us, we cannot say that the trial court abused its
discretion in refusing to grant appellants' request for a continuance. Trial courts are
to take the entire procedural history of a case into account when making a decision,
and are to look at the entire record, not just the sworn motions. See Waste Water,
Inc. v. Alpha Finishing and Developing Corp., 874 S.W.2d 940, 944 (Tex.
App.--Houston [14th Dist.] 1994, no writ); Gregg v. Cecil, 844 S.W.2d 851, 853
(Tex. App.--Beaumont 1992, no writ). Given that this case had been on the trial
court's docket for almost four years, that appellants had been warned that this was a
"try or dismiss date," and that appellants showed little diligence in pursuing the
case and chose to be away on the day of trial, the trial court was within its discretion
to deny appellants' motion for continuance.

 Accordingly, we overrule appellants' second issue.

Conclusion


 We affirm the judgment of the trial court.




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.