# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00657-CV

**Clifford Zeifman, Appellant**

**v.**

**Laurie J. Nowlin, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-08-000877, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

### O P I N I O N

This is a suit brought by a parent against an amicus attorney appointed by the trial court to assist the court in protecting the best interests of a child in a suit affecting the parent-child relationship. This suit is an unfortunate off-shoot of one of the most contentious divorce and child custody proceedings to come before this Court—repeatedly—in recent years. Appellant Clifford Zeifman sued appellee Laurie J. Nowlin alleging fraud and "gross negligence" on the part of Nowlin acting as the amicus attorney in proceedings regarding the implementation of certain provisions of the divorce decree between Zeifman and his former wife Sheryl Michels. The district court granted a summary judgment in Nowlin's favor on the basis that she is statutorily immune from the claims brought by Zeifman and owes him no duty of care with respect to her work. The district court also awarded Nowlin sanctions against Zeifman in the form of attorneys' fees on the basis that his claims are frivolous. We affirm the judgment of the district court.

## Background

Zeifman and Michels were divorced in 1998. They had two children—a son with special educational needs and a daughter. Since the divorce, disputes over the education and care of the children have generated substantial and acrimonious litigation.[1] In 2005, Michels filed a petition to modify parent-child relationship, raising issues as to who would act as their son's guardian and what school he would attend. The trial court appointed Nowlin to act as an amicus attorney for Zeifman's son in these proceedings. The parties ultimately reached an agreed settlement in February 2007 of the dispute over the motion to modify.

Zeifman filed this action against Nowlin in March 2008, alleging causes of action for fraud and "gross negligence" and complaining of Nowlin's performance of her duties as amicus attorney for his son. Nowlin filed a general denial and raised the affirmative defense of immunity. *See* Tex. Fam. Code Ann. § 107.009 (West 2008) (providing court-appointed amicus attorneys immunity from liability for actions taken, recommendations made, or opinions given in that capacity). Nowlin filed a motion for summary judgment on Zeifman's claims of fraud and "gross negligence." Nowlin also filed a motion for sanctions. The trial court granted the motion for summary judgment and the motion for sanctions. The trial court ordered Zeifman to pay Nowlin $39,999 as sanctions for filing a frivolous lawsuit. In this appeal Zeifman challenges both the summary judgment and the order granting sanctions. We affirm.

---

[1] *See Michels v. Zeifman*, No. 03-08-00287-CV, 2009 Tex. App. LEXIS 1017 (Tex. App.—Austin Feb. 12, 2009, pet. denied) (mem. op.); *Zeifman v. Michels*, 229 S.W.3d 460 (Tex. App.—Austin 2007, no pet.); *In re Zeifman*, No. 03-06-00601-CV, 2006 Tex. App. LEXIS 11340 (Tex. App.—Austin Nov. 22, 2006, orig. proceeding); *Zeifman v. Michels*, 212 S.W.3d 582 (Tex. App.—Austin 2006, pet. denied).

*Standard of review*

We review the trial court's summary judgment rulings de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, the district court's order does not specify the grounds for its summary judgment, we must affirm the order granting summary judgment if any of the grounds presented to the district court and preserved for appellate review are meritorious. *See Provident Life & Accident Ins. Co.*, 128 S.W.3d at 216.

A defendant moving for a traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the defendant has done so, the burden shifts to the plaintiff to produce evidence creating a fact issue on the element or defense. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of supporting evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

*Summary judgment on the fraud claim*

In his first issue, Zeifman complains that the district court erred by granting summary judgment in Nowlin's favor on his fraud claim. Nowlin sought summary judgment on the basis that she is immune from this type of fraud claim pursuant to section 107.009 of the family code. Section 107.009 provides:

> A guardian ad litem, an attorney ad litem, or an amicus attorney appointed under this chapter is not liable for civil damages arising from an action taken, a recommendation made, or an opinion given in the capacity of guardian ad litem, attorney ad litem, or amicus attorney.

Tex. Fam. Code Ann. § 107.009(a). There are certain exceptions to this immunity. The statutory immunity does not apply to an action taken, recommendation made, or opinion given (1) with conscious indifference or reckless disregard to the safety of another; (2) in bad faith or with malice; or (3) that is grossly negligent or willfully wrongful. *Id.* § 107.009(b). There is no exception to this statutory immunity for a claim that the amicus attorney committed fraud with respect to one of the parents of a child the attorney is assisting.

The summary judgment evidence conclusively proves that Nowlin was appointed to serve as an amicus attorney in the underlying suit pursuant to family code section 107.021. *See id.* § 107.021 (West 2008). All of the allegations supporting Zeifman's causes of action pertain to Nowlin's performance of her duties as amicus attorney and actions taken in that capacity. Nowlin sought summary judgment on the basis that she conclusively proved the application of section 107.009. Nowlin demonstrated that Zeifman's claims for damages in this lawsuit derive from and challenge the service she provided as amicus attorney—a fact that is not disputed—and,

4

therefore, conclusively established that she was entitled to immunity for any claim not covered by an exception. The immunity statute recognizes no exception for allegations of fraud as to the parents. The trial court properly granted summary judgment on Zeifman's fraud claim.[2]

Moreover, even if Zeifman's fraud claim could be construed to allege a cause of action for conduct that could fit within an exception to immunity, summary judgment is still proper. Once Nowlin conclusively established as an affirmative defense that she was entitled to the statutory immunity afforded an amicus attorney, the burden of production shifted to Zeifman to present evidence sufficient to create a fact issue on at least one element of either the affirmative defense or an exception to the affirmative defense. *See Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (citing *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex. 1972)). Zeifman did not produce or file any summary judgment evidence at all in response to Nowlin's motion, relying instead solely on the allegations contained in his petition. It is well-settled that, with exceptions that do not apply here, pleadings are not competent summary judgment evidence. *Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543-44 (Tex. 1971). Zeifman cannot rely on his pleadings to claim that he met his burden of producing evidence to create a fact issue on the application of section 107.009. We overrule Zeifman's first issue.

---

[2] The basis of Zeifman's fraud claim is an allegation of misrepresentation of fact. Zeifman does not make any independent allegations of bad faith or malice to the court, his son, or anyone else.

5

*Summary judgment on the "gross negligence" claim*

In his second issue, Zeifman contends that the trial court erred by granting judgment in Nowlin's favor on his "gross negligence" claim. Nowlin sought summary judgment on the basis that an amicus attorney appointed to assist the court in a suit affecting the parent-child relationship owes no duty of care to either of the child's parents. Thus, Nowlin argued, Zeifman's negligence claim fails as a matter of law for lack of an essential element.

The family code defines an "amicus attorney" as "an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child." Tex. Fam. Code Ann. § 107.001(1) (West 2008).[3] The amicus attorney is appointed to assist the court, not to represent the child or either of the parents. *See O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Therefore, it is the trial court, not the parties, to whom the amicus attorney is responsible for the limited purposes delineated in the statute. *Id.* The amicus attorney owes a duty of competent representation to the trial court, not to the parents. We hold that an amicus attorney appointed by the court in a suit affecting the parent-child relationship has no duty of care to either parent.[4] The trial court properly granted Nowlin's

---

[3] The role of an amicus attorney is different from that of an "attorney ad litem," who "provides legal services to a person, including a child, and who owes to the person the duties of undivided loyalty, confidentiality, and competent representation." Tex. Fam. Code Ann. § 107.001(2) (West 2008).

[4] Because the issue is not before us, we express no opinion as to what duties the amicus attorney may have to the child whose best interests he is charged with assisting the court to protect.

motion for summary judgment on Zeifman's "gross negligence" claim. We overrule Zeifman's second issue.

***Imposition of sanctions***

In three issues, Zeifman challenges the district court's sanctions order. We review a trial court's ruling on a motion for sanctions applying an abuse of discretion standard. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). The trial court abuses its discretion when it acts without reference to any guiding rules or principles such that its ruling is arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In this case, the district court imposed sanctions pursuant to rule 13 of the rules of civil procedure, chapter 10 of the civil practice and remedies code, and its inherent power. *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.006 (West 2002). If the district court's imposition of sanctions is supported under one of these legal bases, we will affirm the order.

Rule 13 provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment . . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215 . . . upon the party who signed it, a represented party, or both.

Tex. R. Civ. P. 13. Rule 13 defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.*

7

Generally, courts presume that pleadings and other papers are filed in good faith. *Low*, 221 S.W.3d at 614. The party seeking sanctions bears the burden of overcoming this presumption. *Id.*

Zeifman contends that the trial court abused its discretion in imposing sanctions under rule 13 because (1) the court's order does not "state the particulars showing that Zeifman's Petition had no basis in law and fact," and (2) the evidence adduced at the hearing failed to establish that his suit was groundless and brought in bad faith or to harass. This is not the case. The trial court's order recited several bases for the sanctions award, including, but not limited to, the following:

- Nowlin did have extensive records of her activities and performed numerous objective functions in the underlying SAPCR, and therefore, the allegations in paragraph 2 of Zeifman's petition have no basis in fact and are lacking evidentiary support;

- Nowlin conducted multiple interviews with the prospective custodians, interviewed numerous doctors, and interviewed personnel at the child's school, and therefore, the allegations in paragraph 11 of Zeifman's petition have no basis in fact and are lacking evidentiary support;

- Nowlin did not sit at the table with Zeifman's ex-wife during court hearings and did not stay in the room with Zeifman's ex-wife during mediation, and therefore, the allegations in paragraph 13 of Zeifman's petition have no basis in fact and are lacking evidentiary support;

- Zeifman did not make a reasonable inquiry into the legal and factual basis of the claims he presented in his pleadings in this matter; and

- Zeifman was aware that the petition in this case contained allegations and other factual contentions that lacked evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

These findings and others contained in the order adequately "set forth the particulars" regarding how Zeifman's petition violated rule 13 by making allegations that had no basis in fact. These findings justify the imposition of sanctions under rule 13.

With respect to the evidentiary support for the trial court's findings, a review of the evidence presented to the trial court during the two-day evidentiary hearing reveals that it was more than sufficient to establish not only that the allegations Zeifman made were false, but that he knew them to be false when he filed his petition. Nowlin's motion for sanctions maintains that Zeifman's petition contains numerous allegations that Zeifman knew at the time of filing were false. For example, in his petition, Zeifman alleged that:

> After a brief meeting with counsel for the ex-wife, Defendant moved into her job with a complete lack of fervor. She had an idea in mind and had no plans to perform her court-appointed functions. Defendant did not interview prospective custodians, did not visit any of the places that were being considered for the child to live, apparently did not interview any doctors or teachers, or take any action other than to ask the ex-wife's counsel what she wanted to do.

This allegation is demonstrably false. The record evidence shows that Nowlin, an experienced family law practitioner, rather than acting "with a complete lack of fervor," diligently performed her duties as an amicus attorney. The prospective custodians for the child at issue were an aunt and uncle. Nowlin, in fact, interviewed the prospective custodians on more than one occasion, met with them in person, and even participated in activities with them and the child. Despite his pleadings in the trial court, Zeifman admits the actual facts in his briefing in this Court. Immediately after her appointment Nowlin met with at least two doctors that she enlisted to evaluate the child and prepare reports of their findings, and she interviewed the child's own psychologist and the family therapist

9

in Austin. She also actively monitored the child's progress at school through numerous interviews with the school psychologist. She also spoke directly to his teachers. Throughout her service as an amicus attorney, Nowlin kept both Zeifman's and Michels's counsel informed of her activities and views as to their son's situation. The identities of the doctors and teachers with whom Nowlin consulted were disclosed in witness lists, and several of them were deposed by counsel for Zeifman. Zeifman had actual or constructive knowledge of all of the activities Nowlin undertook during her tenure as amicus attorney in the underlying proceedings. He knew, therefore, that his allegation that Nowlin "had no plans to perform her court-appointed functions" was false.

Zeifman also alleged that:

> [Nowlin] began to de facto assume the role of co-counsel for the ex-wife. She insisted on sitting with the [ex-wife] at all hearings. When the parties went to mediation to try to resolve the issues, Defendant asked to be in the room with the ex-wife.

At the evidentiary hearing on her motion for sanctions, Nowlin unequivocally denied these allegations, testifying that she sat at her own table near the court reporter during hearings and that she had her own room at the mediation where she remained except when the mediator requested that she accompany him to each of the separate rooms occupied by the parties. Neither Zeifman, who did not even attend the hearing on the motion for sanctions, nor his counsel produced any evidence contradicting or challenging Nowlin's testimony in any way. Nevertheless, in briefing to this Court, Zeifman, relying solely on the allegations he made in his petition without *any* supporting evidence, argues that the issue is "hotly contested." Zeifman argues, "in light of this evidence, the district court must have reached its conclusions by making an assessment as to the relative credibility

10

of the witnesses and the evidence." Again, Zeifman makes the erroneous assumption that allegations made in his pleadings constitute evidence. Rather than remaining "hotly contested," the allegations were conclusively proven to be false at the evidentiary hearing in the trial court with no contradiction by Zeifman.[5]

The record plainly and thoroughly supports the trial court's findings that Zeifman knowingly made allegations in his petition that had no basis in fact and that his suit was groundless and filed in bad faith. Under these circumstances, the trial court was well within its discretion to impose sanctions under rule 13 of the rules of civil procedure. We overrule Zeifman's third issue. Because we affirm the award of sanctions on this ground, we need not address Zeifman's fourth and fifth issues challenging the imposition of sanctions pursuant to chapter 10 of the civil practice and remedies code or the court's inherent power.

***Amount of sanctions***

In his seventh issue, Zeifman complains of the amount of sanctions imposed. We review the propriety of the amount of sanctions imposed under an abuse of discretion standard. *Id.* at 619. Nowlin's motion for sanctions included an affidavit from her counsel stating that he had billed her $38,354 in attorneys' fees to date and had incurred an additional $18,610.12 in fees and costs that he had not yet billed. This affidavit was admitted without objection. The court imposed sanctions of $40,000, an amount approximately equal to the attorneys' fees billed. Rule 13 allows

---

[5] We note that Zeifman attended the mediation referenced in his pleadings and his attorney(s) attended the hearing referenced in his pleadings. If evidence contradicting Nowlin exists, it was available to Zeifman.

for sanctions in the amount of attorneys' fees incurred in defending a groundless suit. *See* Tex. R. Civ. P. 13, 215.2(b)(8). The district court made a specific finding that "the sanctions imposed herein are the minimum sanction sufficient to deter" Zeifman's conduct. We reject Zeifman's arguments that the district court assessed the monetary sanction without reference to guiding principles or without considering less severe sanctions. We overrule Zeifman's seventh issue.

### Requested continuance

Zeifman's sixth issue complains of the district court's denial of a motion to continue the hearing on the motion for sanctions. The day before the hearing, Zeifman filed an unverified motion for continuance. The trial court denied the motion. We review the district court's ruling on a motion for continuance under an abuse of discretion standard. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Rule 251 of the rules of civil procedure governs continuances and provides that no continuance may be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. The supreme court has instructed that generally, when the movant fails to comply with the requirement that the motion for continuance be "supported by affidavit," we are to presume that the trial court did not abuse its discretion in denying the motion. *Villegas*, 711 S.W.2d at 626. Applying that presumption here, we conclude that the trial court did not abuse its discretion in denying Zeifman's unverified motion for continuance.

Zeifman attempts to avoid the consequences of filing an unverified motion for continuance by arguing on appeal that he was "entitled to a continuance by operation of law" because his motion stated that he was unavailable to attend the evidentiary hearing and the district court could not convene the hearing without Zeifman's presence. However, the trial court is not required

12

to grant a motion for continuance just because a party is not present. *See Briscoe v. Goodmark Corp.*, 130 S.W.3d 160, 169 (Tex. App.—El Paso 2003, no pet.). Moreover, in order to obtain a continuance based on his unavailability, the party must file a motion explaining, among other things, what the party's testimony is expected to prove and that the continuance is not sought for the purpose of delay, but so that justice may be done. *See* Tex. R. Civ. P. 252; *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Humphrey v. Ahlschlager*, 778 S.W.2d 480, 483 (Tex. App.—Dallas 1989, no writ). The motion must be verified. Tex. R. Civ. P. 251. Zeifman offered no evidence in support of his motion, no explanation of his expected testimony, and no verification of his motion. The trial court did not abuse its discretion in denying the motion for continuance. We overrule Zeifman's sixth issue.

### *Conclusion*

Having overruled Zeifman's seven issues, we affirm the district court's judgment.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
   Concurring Opinion by Justice Patterson

Affirmed

Filed: August 27, 2010