# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00242-CV

**Andrew Shadoian, Appellant**

**v.**

**Nicole Shook, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 15-17128, HONORABLE HORACE DICKSON BLACK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N[1]

Andrew Shadoian appeals from the trial court's final decree of divorce that ended his marriage to Nicole Shook. In two issues, Shadoian argues that the trial court abused its discretion by denying his motion for a continuance and his motion for a new trial. For the following reasons, we will affirm the trial court's judgment.

## BACKGROUND

Shook filed suit for divorce in mid-2015. Following various contentious pretrial proceedings that do not concern us here, the trial court set the case for a final hearing on

---

[1] Notice of appeal for this case was originally filed in this Court in June 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

February 3, 2016, at 9:00 a.m. Shadoian's counsel, Derek Van Gilder, filed a motion to withdraw from representation on December 30, 2015. Van Gilder asserted that there was good cause to withdraw because he could not effectively communicate with Shadoian, Shadoian had terminated Van Gilder's employment by email, and Shadoian failed to pay Van Gilder's legal fees. Following a hearing, the trial court granted Van Gilder's motion on January 6, 2016. At that time, the trial court reminded Shadoian, who was present, that the final hearing was set for February 3, 2016.

On January 29, 2016, Shadoian filed a motion for a continuance of the February 3 final hearing on the grounds that he had a scheduling conflict and that his new counsel, Michael Rentner, had insufficient time to prepare for trial.[2] Rentner verified the factual grounds stated in the motion.

On February 3, Shadoian appeared by counsel and Shook appeared in person and by counsel. The trial court first heard arguments on Shadoian's motion for a continuance and denied it. The trial court then convened the final hearing and received testimony and evidence from Shook. In particular, Shook testified that she had owned the house where the parties resided prior to the marriage but conveyed a one-half interest to Shadoian by quitclaim deed. Shadoian's counsel cross-examined Shook and had no objection to any of the exhibits admitted during her testimony. Shadoian's counsel did not call any witnesses or offer any evidence, although the record reflects that the trial judge instructed Rentner to phone Shadoian and that Shadoian indicated that he would not appear in person. After closing argument, the trial judge announced his ruling from the bench and

---

[2] Shadoian also moved for a continuance on the ground that the parties had not attempted mediation as required by the trial court's temporary orders. Shadoian does not raise this ground on appeal.

2

asked the attorneys to prepare a final decree that was approved as to form. This apparently did not happen, and Shook's counsel ultimately set a hearing on a motion to enter judgment for March 31, 2016.

Shadoian filed a motion for new trial and set it at the same time as the hearing on the motion to enter judgment. He asserted that the trial court abused its discretion by denying his motion for a continuance based on his scheduling conflict. He argued that the denial prevented him from testifying, in contradiction to Shook, that she alone was responsible for the mortgage.

At this hearing, the trial court first signed the final decree of divorce, which ordered Shadoian to make certain past-due payments on the mortgage as part of the division of property. Next, the trial court heard arguments on the motion for new trial and announced that it was overruling Shadoian's motion because it was unverified. The trial court subsequently signed an order denying the motion for new trial, which did not specify a reason for denying relief. This appeal ensued.

## ANALYSIS

Shadoian asserts that the trial court abused its discretion by denying his motion for a continuance and his motion for a new trial.[3]

**Standard of Review and Applicable Law**

We review the trial court's ruling on a motion for a continuance and a motion for new trial for a clear abuse of discretion. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex.

---

[3] Shook did not file a brief with this Court. We accordingly accept Shadoian's statement of facts as true unless contradicted by the record. *See* Tex. R. App. P. 38.1(g).

3

2009) (new trial); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (continuance). An abuse of discretion occurs when the trial court acts arbitrarily, unreasonably, without regard to guiding rules or principles, or without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251.

**Discussion**

In his first issue, Shadoian argues that the trial court abused its discretion by denying his motion for a continuance on the ground that Rentner did not have adequate time to prepare for trial. Shadoian relies on the Texas Supreme Court's holding in *Villegas v. Carter* that "when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." 711 S.W.2d 624, 626 (Tex. 1986). However, *Villegas* was an application of the general rule that the "unwarranted denial" of the right to counsel by refusing to grant a continuance is reversible error. *Id.* A party who seeks a continuance based on the withdrawal of counsel must first show that his attorney's withdrawal was not due to the moving party's fault or negligence. *Id.*; *In re Marriage of Harrison*, ___ S.W.3d ___, ___, No. 14-15-00430-CV, 2018 WL 2926268, at *11 (Tex. App.—Houston [14th Dist.] June 12, 2018, no pet. h.). Shadoian did not attempt below to establish that he did not cause Van Gilder's withdrawal through his own fault or negligence, and we cannot conclude that Shadoian established that the trial court abused its discretion. *See Villegas*, 711 S.W.2d at 626; *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 645-46 (Tex. App.—Texarkana 2013, no pet.) (finding no abuse

4

of discretion in denying continuance because Pjetrovic "failed to show his first attorney's withdrawal was not due to the negligence or fault of Pjetrovic").

Shadoian argues in his second issue that the trial court erred in denying his motion for a new trial. His motion asserted that a new trial was warranted because the trial court's denial of his motion for a continuance on the ground that he was unavailable "made it impossible [for him] to present counter testimony as to when property or debts were acquired." Shadoian argues that the trial court necessarily erred in denying his motion for a new trial on the basis that it was unverified because there was no need to verify facts already within the record. Assuming without deciding that Shadoian was not required to verify his motion in these circumstances, he has failed to establish that the trial court abused its discretion in denying his motion for a new trial on the ground that he was unavailable to attend the February 3 final hearing.

"[A] trial court is not required to grant a motion for continuance just because a party is unable to be present at trial." *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 26-27 (Tex. App.—Corpus Christi 2010, no pet.). A party seeking a continuance on the ground that he is unavailable must file a motion explaining, among other things, the substance and materiality of his testimony. Tex. R. Civ. P. 252; *Zeifman v. Nowlin*, 322 S.W.3d 804, 812 (Tex. App.—Austin 2010, no pet.). In his motion for a continuance, Shadoian did not assert that he would testify at the final hearing, address the nature of his testimony, or explain why his testimony would be material. Shadoian argues without citation to authority that he can include this information for the first time in his motion for new trial because he had no way of knowing prior to the final hearing that it would be necessary for him to testify. We reject this argument because the trial court was not required to grant a continuance simply because Shadoian could not be present and wished to be. *See In re*

*Guardianship of Cantu de Villarreal*, 330 S.W.3d at 26-27.  Because Shadoian's motion for a continuance did not comply with the requirements of Rule of Civil Procedure 252, the trial court did not abuse its discretion in denying his motion for a new trial on the grounds of unavailability. *See Zeifman*, 322 S.W.3d at 812 (holding trial court did not abuse its discretion in overruling Zeifman's motion for a continuance in part because he provided no "explanation of his expected testimony").

We overrule Shadoian's two issues.

## CONCLUSION

We affirm the trial court's final decree of divorce.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 31, 2018

6