# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.03-18-00081-CV

**Shakeel Mustafa, Appellant**

**v.**

**Tyler Pennington, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 17-1060-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Shakeel Mustafa sued Tyler Pennington, the amicus attorney appointed to assist a trial court in resolving a custody dispute between Mustafa and Asim, his ex-wife. Mustafa's petition for relief alleges Pennington failed to satisfy his obligations under the Family Code, allegedly giving rise to claims of defamation, negligence, and breach of contract. Mustafa subsequently non-suited his defamation and negligence claims, and the district court granted Pennington's motion to dismiss the contract claim under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Code §§ 27.001–.011. Mustafa now appeals from the dismissal order. We will affirm.

## BACKGROUND

Mustafa's wife filed for divorce in 2007. The merits of the divorce and custody dispute are not before this Court, but we will summarize the custody proceedings to establish the

context of Mustafa's claims against Pennington and evaluate the district court's dismissal of those claims.

**The Underlying Custody Dispute**

In early 2016, Mustafa sued for modification of an order naming Mustafa and Asim joint managing conservators of the children and granting Asim the exclusive right to designate their primary residence. Mustafa's petition sought to maintain the joint managing conservatorship but to designate Mustafa as the conservator with the exclusive right to designate the children's primary residence. Asim filed a counterpetition seeking to dissolve joint conservatorship and have Asim named the sole managing conservator.

The suit was brought in a Williamson County court at law, which had acquired continuing exclusive jurisdiction over the children through a prior custodial challenge brought by Mustafa. *See* Tex. Fam. Code § 155.001 ("[A] court acquires continuing, exclusive jurisdiction . . . on the rendition of a final order."). That court appointed Pennington as amicus attorney to investigate the best interest of the children pursuant to Section 107.005 of the Family Code. During his initial two-month investigation, Pennington interviewed school officials and a counselor and observed the children with Mustafa and with Asim. When Mustafa provided photographs of an apparent injury to the older child's arm, complaining that the stepfather was responsible, Pennington recommended the children begin seeing a therapist specializing in adolescent crisis. After several sessions with the children, the therapist provided Pennington with an affidavit stating that Mustafa might be pressuring the children—especially the older child—to come and live with him and that this pressure was resulting in unusual behavior by the older child.

2

Based on the therapist's belief that Mustafa's unsupervised access to the children might harm the children's physical or emotional health and frustrate the judicial process, Pennington obtained an order limiting Mustafa's access to the children until the case could be resolved on the merits.

The custody dispute was tried to jury a month after the enforcement hearing. The jury heard testimony reflecting Mustafa's longstanding attempts to pressure the children into leaving their mother and his repeated efforts to impede the judicial process. The pediatric therapist testified that Mustafa had tried to record the confidential sessions between the therapist and the children. He explained his conclusion that Mustafa might have persuaded the children to fabricate allegations of abuse in hopes of increasing his own access to them. The older child, testifying at trial, admitted that he had injured his own arm and confirmed that Mustafa had told him not to be honest with the therapist, but could not remember whether he had ever accused his stepfather of causing the injury. He also admitted to feeling "uncomfortable" on the witness stand and "nervous" about what Mustafa might say following his testimony that he wanted to live with his mother and loved his stepfather. After four days of testimony and two hours of deliberation, the jury unanimously found that Asim should be appointed sole managing conservator of the children and that the existing joint managing conservatorship should be dissolved. The court rendered a final order reflecting the jury's verdict and designating Asim as sole managing conservator.

Mustafa filed a motion for new trial, a motion to interview the children, a motion to set aside orders, a request for findings of fact and conclusions of law, and an "objection to visiting judge." The motions were denied by operation of law. He appealed the final order to this Court, which dismissed the appeal for want of prosecution "after multiple delays and extensions of time."

3

*See Mustafa v. Asim*, No. 03-17-00702-CV, 2018 WL 4190804, at \*2–3, (Tex. App.—Austin Aug. 31, 2018 (pet. filed).

**Mustafa's Suit Against Pennington**

While the appeal was pending, Mustafa sued Pennington in Williamson County district court, alleging that Pennington had "egregiously breached his statutory duties promulgated by §107.003 and §107.005 of the Texas Family Code." Mustafa then pleaded counts of "breach of implied-in-fact contract, breach of implied-in-law contract, breach of express contract, defamation, and negligence." The petition's appendix included the motion for temporary orders filed by Pennington in the underlying custody dispute, the affidavits filed in support of that motion, and Pennington's post-trial motion to quash Mustafa's attempts to depose the pediatric therapist that testified at trial.

Pennington filed a motion to dismiss under Section 27.002 of the Civil Practice and Remedies Code, which allows a party to move for dismissal "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association . . . ." Mustafa filed a "nonsuit with prejudice of the defamation claim," which included a stated intent to "nonsuit[] and abandon[] any claims invoking the Texas Citizens Participation 'Anti-Slapp' Act." He continued to litigate his contract theories and sought discovery on those claims and on the TCPA motion, *see* Tex. Civ. Prac. & Rem. Code § 27.006(b), seeking to depose his older child and Pennington. After a hearing on the motion and the requested discovery, the district court denied Mustafa's discovery request and dismissed Mustafa's remaining claims with prejudice "pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code," awarding

4

Pennington $14,516.62 in attorney's fees and expenses. *See id.* § 27.009(a)(1) (requiring award of costs, fees, and expenses to successful moving party). The order included conditional awards of fees and expenses should Pennington prevail on appeal. Mustafa then perfected this appeal.

## DISCUSSION

Mustafa raises two issues on appeal.[1] First, he contends the district court erred by granting the motion to dismiss, arguing that Pennington failed to show the contract claims related to activity protected under the TCPA and that Mustafa satisfied his burden to make out a prima facie case of breach. Second, he alleges the district court abused its discretion by denying his motion for limited discovery under Chapter 27 of the Civil Practice and Remedies Code. Mustafa's arguments are not persuasive, and we find no error by the district court.

**Dismissal of Mustafa's Claims**

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. "Section 27.003 allows a litigant to seek dismissal of a 'legal action' that is 'based on, relates to, or is in response to a

---

[1] Mustafa frames his arguments as four points of error, but we construe these, in substance, as two legal issues. *See Gene Hamon Ford, Inc. v. David McDavid Nissan, Inc.*, 997 S.W.2d 298, 304 n.9 (Tex. App.—Austin 1999, pet. denied) (consolidating points of error for discussion); *Niess v. State*, No. 03-11-00213-CR, 2012 WL 2383300, at *1 (Tex. App.—Austin June 21, 2012, no pet.) ("Though Niess raises these arguments in thirteen separate points of error, for convenience we have grouped the points of error into four legal issues on appeal.").

party's exercise of the right of free speech, right to petition, or right of association.'" *Serafine v. Blunt*, 466 S.W.3d 352, 356–57 (Tex. App.—Austin 2015, no pet.) (quoting Tex. Civ. Prac. & Rem. Code § 27.003(a)). "The Act imposes the initial burden on the movant to establish by a preponderance of the evidence 'that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right to petition.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.005(b)). "The Act then shifts the burden to the nonmovant, allowing the nonmovant to avoid dismissal only by 'establish[ing] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)). "The Act is to 'be construed liberally to effectuate its purpose and intent fully,' but it 'does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.011)).

### *Protected Activity*

Mustafa first contends the district court erred by granting Pennington's motion to dismiss because Mustafa's claims do not relate to any activity protected by the TCPA. To determine whether a claim involves protected activity, a court must look to the pleadings and any supporting or opposing affidavits. Tex. Civ. Prac. & Rem. Code § 27.006; *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). Because Mustafa only challenges the district court's disposition of his contract claims, we limit our discussion to those claims. *See* Tex. R. App. P. 38.1, 47.1.

Mustafa's claims of breach are related to Pennington's right to petition the courts. That right is defined, as relevant here, as "a communication in or pertaining to . . . a judicial

proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). In support of the claims, Mustafa alleged that Pennington "failed to conduct an investigation to the extent necessary to determine the best interests of the child," "failed to review copies of the child's records," "failed to, within a reasonable time after the appointment [as amicus], interview each person who has significant knowledge of the child's history," and "failed to encourage settlement." Mustafa contends that because these allegations involve an ostensible failure to communicate rather than a statement actually made, his claims cannot, as a matter of law, relate to a "communication" for the purpose of the TCPA. The record reveals that Pennington interviewed each parent and stepparent, school officials, two licensed counselors, and both children, and that he reviewed the children's academic and medical records. He then conveyed his conclusions to the court in a series of filings and oral statements. Thus, Mustafa's allegation of a "failure to communicate" is in substance a criticism of Pennington's communication during the pre-trial proceedings, the trial itself, and the post-trial hearings.[2] Those communications relate to a judicial proceeding, and Pennington was therefore exercising his right to petition the court. *See id*. Because "it is clear from the plaintiff's pleadings that the action is covered by the Act," *Hersh*, 526 S.W.3d at 467, Pennington satisfied his initial burden to show Mustafa's claims related to protected activity.

---

[2] *See* Tex. Civ. Prac. & Rem. Code § 27.001(1) (defining "communication" as "the making or submitting of a statement or document in any form or medium . . ."). We need not decide today whether an alleged failure to communicate will never constitute a "communication" for the purposes of the TCPA.

### *Prima Facie Case*

Because Pennington satisfied his burden, Mustafa could only avoid dismissal by establishing, through clear and specific evidence, a prima facie case on each element of his claim. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). The elements of breach of contract are: (1) the existence of a contract between the parties, (2) performance or tendered performance by the plaintiff, (3) a breach of the contract by the defendant, and (4) damages caused by the breach. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018); *Plotkin v. Joekel*, 304 S.W.3d 455, 476–77 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("'The elements of a contract, express or implied, are identical.'" (quoting *University Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App.—San Antonio 1989, no writ))).

Mustafa cannot satisfy his burden with respect to the first element of his claims of breach of an express or implied-in-fact contract. Although there is no representation agreement between Mustafa and Pennington, Mustafa argues that an express or implied contract exists in the court's appointment of Pennington as amicus attorney and its order that Mustafa compensate Pennington for his services. Mustafa, however, has not cited any authority supporting his position that an amicus attorney owes contractual duties to a parent based on the attorney's statutory obligations under the Family Code or a court order requiring a parent to pay the attorney's fees. To the contrary, an amicus attorney is "an attorney appointed by the court . . . to assist the court in protecting a child's best interest rather than to provide legal services to the child." *See* Tex. Fam. Code § 107.001(1), Thus, the court's orders are not evidence that Pennington agreed to represent

Mustafa or his children. *Id.*; *see also id.* § 107.005; *Zeifman v. Nowlin*, 322 S.W.3d 804, 808–09 (Tex. App.—Austin 2010, no pet.).

Nor has Mustafa produced any evidence that might satisfy his burden with respect to his claim of breach of a contract implied at law. These claims, also known as "quasi-contract" claims, are rooted in an obligation owed to the plaintiff that reason and justice require the courts to enforce. *See Joekel*, 304 S.W.3d at 476–77. Yet an "amicus attorney is appointed to assist the court, not to represent the child or either of the parents," and "it is the trial court, not the parties, to whom the amicus attorney is responsible for the limited purposes delineated in the statute." *Zeifman*, 322 S.W.3d at 808. (citing *O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). Because Pennington's obligations in the custody proceedings were owed to the county court at law and not to Mustafa, he cannot make out a prima facie case of breach of implied-at-law contract and therefore cannot satisfy his burden to avoid dismissal. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). We therefore need not consider the merits of any affirmative defenses Pennington pleaded below and overrule Mustafa's first issue on appeal.

**Discovery**

Mustafa contends the district court should have granted his motion for discovery under Section 27.006 of the Texas Civil Practice & Remedies Code, which allows the court to permit limited discovery on a showing of good cause when a TCPA motion to dismiss is pending. We review discovery orders for an abuse of discretion. *In re Elliott*, 504 S.W.3d 455, 459 (Tex. App.—Austin 2016, orig. proceeding). Here, even assuming the district court abused its discretion by denying Mustafa's motion for discovery, that abuse would not have affected the final judgment

9

dismissing all claims with prejudice because Mustafa has no viable claims against Pennington. We therefore need not address Mustafa's challenge to the discovery ruling. *See* Tex. R. App. P. 44.1(a) (allowing reversal only where error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals"), 47.1 (requiring courts of appeals to render decisions "as brief as practicable"); *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 68 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (holding the TCPA "does not authorize the trial court to permit discovery" if plaintiff cannot make out prima facie case for each essential element of claim). We overrule Mustafa's second issue.

## CONCLUSION

Having overruled appellant's two points of error, we affirm the judgment of the district court.

_____
Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith
  Concurring Opinion by Justice Goodwin

Affirmed

Filed:   April 24, 2019

10