# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00108-CV

---

**Travis Settlement Home-Owners' Association, Appellant**

**v.**

**71 Warehouse, LLC, Appellee**

---

**FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-20-001001, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The Travis Settlement Home-Owners' Association ("Association") appeals from a take nothing judgment in its suit against 71 Warehouse, LLC to enforce certain restrictive covenants. The Association argues that the district court erred by denying the Association's motion for a continuance and by concluding the Association failed to prove its claim. We affirm.

## BACKGROUND

Travis Settlement is a mixed-use community located in Travis County off Highway 71. The subdivision is subject to the Restated Declaration of Easements, Covenants and Restrictions (Declaration). The Declaration includes several restrictive covenants pertaining to land use, four of which are relevant here. First, no one in the subdivision may use any part of their property "in a manner that adversely affects adjoining property owners or creates an annoyance or nuisance to other property owners. This shall include noise pollution such as

barking dogs." Second, "commercial kennels" may not operate anywhere in the subdivision. And, on the lots designated for commercial use, the Declaration prohibits any business that "does not conduct all of the activities of the business on the inside of an enclosed building" or "that in the sole discretion of the Board could create any dangerous, injurious, noxious, or otherwise objectionable noise . . . or other form of air pollution . . . as to affect any use within the vicinity." To ensure compliance with these restrictions, the Declaration prohibits constructing any improvements unless the Association's Architectural Control Committee (ACC) approves the plans in writing. The ACC may also grant variances from the Declaration's restrictions.

In 2014, 71 Warehouse purchased two commercial lots located between Highway 71 and a residential street. Two years later, 71 Warehouse requested a variance on behalf of a potential tenant, Camp Bow Wow, which wanted to open a "dog grooming/boarding center" with "a small outdoor, fenced and sound-controlled area to walk dogs in." Plans submitted with the request indicated that there could be up to one hundred dogs in the facility at a time. The ACC subsequently informed 71 Warehouse by letter that it had "reviewed and APPROVED your submittal for the Variance Request per the plans submitted based on the following condition: dog grooming/boarding center to have a small outdoor, fenced and sound-controlled area for use as a dog walk." By separate communication, the ACC informed 71 Warehouse that the variance could "be rescinded if excessive noise (barking, fighting/playing, human voices, etc.), bad smells, sanitation concerns, etc. occur."

Construction began soon afterwards, and Camp Bow Wow opened in 2017. Gary Bahl, a member of the Association's board at the time, later testified that complaints began almost immediately. On November 16, 2018, the Association's property management company sent a "Friendly Reminder Notice" to Warehouse 71 stating that "Excessive dog barking noise

2

has been reported by several owners in Travis Settlement HOA coming from this address daily" and asking 71 Warehouse "to minimize or eliminate the dog barking noise with[in] 14 days." If the noise problem was not resolved by November 30, 2018, the Association would fine 71 Warehouse $100 per day, retroactive to the date of the letter. Two weeks later, the Association sent 71 Warehouse another letter issuing the promised fines. On October 11, 2019, the Association sent another letter to 71 Warehouse reiterating the complaint about "excessive dog barking noise." Two days later, the Association sent another letter stating the board had met and decided that 71 Warehouse had "two options" to cure the violations: require Camp Bow Wow to "operate their entire business inside and therefore not use the dog run" or "fully enclose the dog run." The four letters each cited the Declaration's prohibition on operating a business that, in the "sole discretion" of the Association, generated excessive noise.

The Association sued 71 Warehouse in February 2020 for breach of restrictive covenants, alleging that Camp Bow Wow "has continuously created excessive noise due to barking dogs and [71 Warehouse] has taken no action to reduce the amount of noise being cause[d] by the business." The Association sought injunctive relief, statutory damages, and attorney's fees.[1]

In June of 2022, the case was set for a three-day bench trial beginning December 19, 2022. The parties disagreed over whether the case would be tried in person or through video conferencing. The Travis County civil and family courts' emergency order in effect at the time provided:

---

[1] The Association later amended its petition to purse claims regarding issues with the septic system on one of Warehouse 71's lots. The district court rendered judgment for 71 Warehouse, and the Association does not challenge that ruling here.

3

> In-person and remote hearings and bench trials are being held during jury and non-jury weeks. Most proceedings (other than jury trials) are being held remotely, but for long docket settings, if all counsel and self-represented litigants agree to an in-person setting, they may so indicate on their announcement form, and the court to which the setting is assigned will notify them if an in-person hearing or trial is feasible.

Travis County Clerk, Fifth Amended Emergency Order in the Travis County Civil and Family Courts, https://countyclerk.traviscountytx.gov/wp-content/uploads/covid/FifthAmendedEmergencyOrderRegardingCovid19.pdf (last visited Feb. 16, 2024). No announcement form appears in the record.

On December 16 (the Friday before the Monday trial setting) the district court's executive assistant notified the parties by email that the "hearing on the Monday Long Docket has been assigned to Judge Mangrum and will begin at 9:00 a.m. The hearing will be conducted through Zoom Meetings." Early on December 19, the Association filed a motion to continue the trial "until a time when this case can be tried in person." The district court heard arguments on the motion and denied it.

The parties tried the case to the bench over two days. The Association presented testimony from Marcus Federman, a member of the Association's board of directors; Bahl; and the Association's expert, Arno Bommer. 71 Warehouse presented testimony from Kimberly Elliot, the owner of the Camp Bow Wow franchise, and 71 Warehouse's general counsel, Benjamin Williams. The district court subsequently signed a take-nothing judgment in favor of 71 Warehouse and filed findings of fact and conclusions of law. The district court concluded that the Association failed in its evidentiary burden "to establish breach of the restrictive covenants at issue" and, as an alternative ground, that "the Association waived the complained-of noise violations" by granting a variance. This appeal followed.

4

**DISCUSSION**

The Association argues in two issues that the district court erred by denying its motion for a continuance and in rendering judgment for 71 Warehouse.

**Continuance**

We start with the Association's challenge to the denial of its motion for a continuance. We review a ruling on a motion for a continuance for an abuse of discretion. *J.G. v. Texas Dep't of Fam. & Protective Servs.*, 592 S.W.3d 515, 520 (Tex. App.—Austin 2019, no pet.). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard for guiding rules or principles, or without supporting evidence. *Transcor Astra Group S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 482 (Tex. 2022), *cert. denied*, 143 S. Ct. 2493 (2023).

Trial courts may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. When a movant fails to comply with the affidavit requirement, reviewing courts generally presume the trial court did not abuse its discretion by denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *J.G.*, 592 S.W.3d at 521. The Association did not file an affidavit with its motion. On appeal, the Association argues that it was entitled to a continuance by operation of law because the supreme court's emergency order in effect at the time did not permit the district court to hold a remote bench trial.[2] *See Fifty-Seventh Emergency Order*

---

[2] Under the same issue, the Association reasserts its arguments regarding surprise and the difficulty of effectively trying the case over videoconferencing. Because the Association did not support its motion with an affidavit, we presume that the district court did not abuse its discretion in rejecting these arguments. *See Brickley v. Joseph-Stephen*, No. 03-22-00574-CV, 2023 WL 2316346, at *4 (Tex. App.—Austin Mar. 2, 2023, pet. denied) (mem. op.), *cert. denied*, No. 23-5866, 2024 WL 72204 (U.S. Jan. 8, 2024); *Zeifman v. Nowlin*, 322 S.W.3d 804, 811–12 (Tex. App.—Austin 2010, no pet.).

*Regarding COVID-19 State of Disaster*, ___ S.W.3d ___, No. 22-9097, 2022 Tex. LEXIS 1000, (Tex. Oct. 31, 2022). The Association relies on Section 3(c), which provides:

> 3. Subject to constitutional limitations and review for abuse of discretion, all courts in Texas may in any case, civil or criminal, without a participant's consent:
>
> . . . .
>
>> c. conduct proceedings away from the court's usual location with reasonable notice and access to the participants and the public if:
>>
>>> i. exigent circumstances exist; or
>>>
>>> ii. conducting proceedings away from the court's usual location will assist in managing court backlog and:
>>>
>>>> (A) the court serves multiple counties; or
>>>>
>>>> (B) a visiting judge is assigned to the court.

*Id.* at 1. The Association argues that the district court failed to provide reasonable notice, no exigent circumstances existed, and the court does not serve multiple counties. But section 3(c) does not apply to remote proceedings conducted from the trial court's "usual location," which is what occurred here. Section 3(a) and (b) provide that courts may, unless otherwise provided by the order:

> (a) allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, court reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means; [and]
>
> (b) consider as evidence sworn statements made out of court or sworn testimony given remotely, out of court, such as by teleconferencing, videoconferencing, or other means[.]

6

*Id.* Neither provision requires a specific showing of "exigent circumstances" to allow a remote bench trial. We conclude the district court did not abuse its discretion in denying the Association's motion for continuance and overrule the Association's first issue.

### Merits Judgment

Next, the Association argues that the district court erred by concluding that the Association failed to meet its burden by a preponderance of the evidence to establish a breach of the restrictive covenants and, alternatively, waived the complained-of noise violations. 71 Warehouse responds that the record supports both rulings.

In reviewing findings of fact and conclusions of law entered after a bench trial, we "defer to the trial court's findings of fact—so long as they are supported by the record—and reviews conclusions of law de novo." *Southwestern Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020). Unchallenged findings of fact "are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *Hegar v. El Paso Elec. Co.*, 629 S.W.3d 518, 527 (Tex. App.—Austin 2021, pet. denied) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)). We must uphold the judgment if it can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

We start with whether the district court erred in concluding that the Association failed to meet its burden to establish a breach of the restrictive covenants. After reproducing the text of the variance, the district court found:

> 11. It is reasonably foreseeable that a dog grooming and boarding facility will generate dog barking noise.

7

12. The Association did, in fact, know and understand that the proposed dog facility would generate dog-related noise and barking. The Association knew and understood that the Declaration expressly forbids kennels and barking dogs and that the intent of the drafter of the Declaration was to prevent such activities for the benefit of neighborhood peace and tranquility. The Association knew that its variance to 71 Warehouse conflicted with the requirements of the Declaration and constituted a clear and unambiguous variance from and exception to the Declaration.

. . . .

14. 71 Warehouse and Camp Bow Wow constructed the ACC-approved improvements including a metal commercial-type building with exterior dog pens or yards enclosed by vinyl or plastic fencing which reduced dog-related noise levels.

17. Beginning in 2018, the Association sent notice letters to 71 Warehouse concerning noise complaints from barking dogs.

18. The tenant, Camp Bow Wow, thereupon added insulation to the roll-up garage doors, as recommended in a noise survey report prepared by a third-party, Onsite Acoustic Testing, in order to further reduce noise traveling from inside Camp Bow Wow's building out through the doors.

. . . .

20. In 2020, 71 Warehouse obtained professional advice from BAi, LLC, a sound engineering and consulting firm, who advised that the most effective means of reducing sound levels still further was to erect around the exterior dog areas a more substantial sound-reducing wall panel system.

21. In 2021, Camp Bow Wow constructed, with ACC approval, a sun shade system over the exterior dog walk area, which testimony from the Association's expert established further reduced dog-related noise levels.

22. In 2022, in an architectural submission process negotiated by the parties in an attempt to resolve their noise-related dispute, 71 Warehouse submitted to the ACC for approval plans and specifications for a panelized sound-reducing exterior wall or barrier system designed in accordance with BAi's recommendations.

23. The ACC and Association did not approve the submission.

Based on these findings, the district court concluded:

4. The Declaration permits 71 Warehouse to operate commercial businesses on its Property. However, it expressly forbids kennels and barking dogs in addition to barring nuisances generally and limiting the number of dogs which may be present on a subdivision property. Thus, the Declaration in clear and unambiguous terms forbids a dog grooming and boarding facility of the type proposed by 71 Warehouse in 2016 and subsequently operated by Camp Bow Wow, particularly in light of the known propensity of dogs in such a facility to bark and make noise.

5. Nevertheless, the Declaration in this case expressly grants authority to the ACC and HOA to grant variances from the requirements of the Declaration. The ACC and HOA did, in fact, grant a variance to 71 Warehouse for the purposes of building and operating a dog grooming and boarding facility which would include an outdoor dog walk area. The Association's approval notice, the approved building plans, and other documentary evidence in the case incorporate and reflect the Association's appreciation of and consideration of dog barking and dog-related noise as part of its approval of the variance.

6. Accordingly, the Court determines based on a preponderance of the evidence that Plaintiff Travis Settlement Homeowners Association failed to establish breach of the restrictive covenants at issue considering the variance that was granted to Defendant 71 Warehouse, LLC.

The Association contends that these findings and conclusions do not support the judgment because the district court failed to expressly find that the Association's "discretionary determination" that Camp Bow Wow was producing excessive noise in violation of the Declaration was arbitrary, capricious, or discriminatory. The Association argues that such a finding was required by Section 202.004 of the Property Code, which provides: "An exercise of discretionary authority by a property owners' association or other representative designated by an owner of real property concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." Tex. Prop. Code § 202.004(a). 71 Warehouse responds that we must imply all findings necessary to support the judgment.

We agree with 71 Warehouse. When a trial court makes findings of fact but omits at least one element of a "ground of recovery or defense," the "omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment." Tex. R. Civ. P. 299. In a bench trial, the "appellant may request additional findings on omitted elements to prevent them from being deemed on appeal." *Dessens v. Argeroplos*, 658 S.W.3d 438, 444–45 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see* Tex. R. Civ. P 298. Failure to request additional findings waives the right to complain on appeal about a presumed finding. *In re Estate of Miller*, 446 S.W.3d 445, 450 (Tex. App.—Tyler 2014, no pet.).

Section 202.004(a) creates a rebuttable presumption of reasonableness that the opposing party has "the burden to overcome by introducing positive evidence to the contrary." *Dao v. Mission Bend Homeowners Ass'n*, 667 S.W.3d 304, 320 (Tex. App.—Houston [1st Dist.] 2022, no pet.). "When positive evidence to the contrary is introduced, the presumption 'disappears.'" *Id.* (quoting *Glenwood Acres Landowners Ass'n v. Alvis*, No. 12-07-00072-CV, 2007 WL 2178554, at *2 (Tex. App.—Tyler July 31, 2007, no pet.) (mem. op.)). Assuming that the Association is correct that the trial court had to make an express finding that its "exercise of discretionary authority was arbitrary, capricious, or discriminatory" to support the court's conclusion that the Association failed to establish a breach of the restrictive covenants, the burden was on the Association to request an additional finding on this matter to prevent it being deemed on appeal. *See* Tex. Prop. Code § 202.004(a); *Dessens*, 658 S.W.3d at 444–45 (burden on appellant to request additional findings or issue is waived). In the absence of such a request, we presume the district court made an implied finding that the Association's actions were arbitrary, capricious, or discriminatory. *See* Tex. R. Civ. P. 299.

The Association does not challenge the district court's other findings, including that the "documentary evidence in the case incorporate and reflect the Association's appreciation of and consideration of dog barking and dog-related noise as part of its approval of the variance." Those unchallenged findings are supported by the record and bind us here. *See Hegar*, 629 S.W.3d at 527. We cannot conclude on this record that the district court erred in deciding that the Association failed to prove its claim for breach of restrictive covenants. Because this is sufficient to uphold the judgment, we do not reach the district court's alternative waiver holding. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

We overrule the Association's second issue.

## CONCLUSION

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed: February 22, 2024

11